**CAMDEN INDUSTRIES COMPANY, Inc.**

**v.**

**Civ. A. No. 2556.**

United States District Court
D. New Hampshire.

June 16, 1965.

See also, D.C., 246 F.Supp. 252.

------

Booth, Wadleigh, Langdell, Starr & Peters, Ralph E. Langdell, Manchester, N. H., for plaintiff.

Edward J. McDermott, Hampton, N. H., Segal & Flamm, Arthur J. Flamm, Boston, Mass., for defendants.

CONNOR, District Judge.

Plaintiff Camden Industries originally brought a suit in the Superior Court of New Hampshire to prevent defendants from proceeding to arbitrate certain alleged grievances, and obtained an order temporarily enjoining them from doing so. Defendants removed the case to this court, counterclaimed for a mandatory injunction which would require arbitration and moved for summary judgment in their favor on the claim and counterclaim.

In an opinion and order of May 18, 1965, the Court granted defendants' motion and ordered summary judgment entered in their favor. The judgment, issued May 20, 1965, dissolved the temporary injunction which prohibited arbitration and ordered the parties to proceed to arbitrate the alleged grievance within thirty days.

Now plaintiff has filed a notice of appeal from the judgment and seeks to stay its effect pending the appeal. Rule 62 (a) of the Federal Rules of Civil Procedure provides that a judgment in an action for injunction shall not be stayed unless otherwise ordered by the Court and further states in effect that Rule 62(c) is to govern such stays. Rule 62 (c) confers on the Court discretion to suspend, modify, restore or grant an injunction when an appeal is taken from a judgment which granted, dissolved or denied an injunction.

The Court recognizes both the doctrine that the burden is on plaintiff to show why a stay should be granted in this case and the correlative maxim that the defendants should not ordinarily be deprived of the fruits of victory. Nevertheless, the Court concludes that the effect of the May 20 judgment should be stayed while plaintiff pursues its appeal.

It is the Court's policy to place no impediment in the way of full review of its pronouncements, unless the circumstances of a particular case indicate that to do so would prejudice the rights of a party. In this case, plaintiff has represented to the Court that the preparation and presentation of its position to an arbitrator will involve significant time and expense and the Court has no reason to doubt that this may be true. The Court is convinced that no meaningful prejudice will result to defendants if arbitration of their grievances is deferred, as passage of time will not affect the validity of their claims to higher wages under a now-expired collective bargaining agreement, nor will it affect the measure of their recovery should they be successful.

This is not a case where the individual defendants have been suspended or discharged from their employment (as in Trailways of New England, Inc. v. Amalgamated Ass'n of Street Railway Employees, Div. 1318, U.S.Ct.Apps., 1st Cir., 343 F.2d 815 decided April 13, 1965). Nor is a Constitutional right of defendants involved as was true in Taylor v. Board of Education, 195 F.Supp. 231 (S.D.N.Y.1961), aff'd 294 F.2d 36 (2nd Cir. 1961), cert. denied 368 U.S. 940, 82 S.Ct. 382, 7 L.Ed.2d 339. And this is

not a case where passage of time would frustrate the purpose of the order to arbitrate as in Mesabi Iron Co. v. Reserve Mining Co., 268 F.2d 782 (8th Cir. 1959).

On a balance of the equities, therefore, the Court concludes that plaintiff should be permitted to obtain review of the May 20 judgment before it is required to prepare its presentation to an arbitrator. If defendants believe speedy resolution of the appeal is necessary, a motion to the Court of Appeals under that court's Rule 25(3) is, of course, open to them.

### ORDER

Upon the foregoing, and pursuant to Rule 62(c) of the Federal Rules of Civil Procedure, the Court concludes that plaintiff's motion should be granted and that the effect of the May 20 judgment should be stayed in the following manner. (1) The order requiring the parties to proceed to arbitration within thirty days is hereby suspended during the pendency of plaintiff's appeal. (2) The temporary injunction which restrained defendants from proceeding to arbitrate, originally granted by the Superior Court of New Hampshire, is restored during the pendency of plaintiff's appeal.

The above are granted subject to the following terms, which the Court considers proper for the security of the rights of defendants. (1) Plaintiff must forthwith, and without delay seek review of the Court's judgment of May 20, 1965, and at no time will ask for any continuance, postponement or enlargement of time in which to prosecute its appeal; and shall be prepared to present argument before the Court of Appeals on the day so appointed by that court without request for delay. If at any time it appears to the Court that these directives are not being complied with, or that movant is engaged in any dilatory tactics, the Court will vacate this order and restore to full effect the judgment of May 20, 1965. (2) Plaintiff shall file a bond for costs on appeal as is described in Rule 73(c) of the Federal Rules of Civil Procedure.

It is so ordered.