424

LOCAL 344 LEATHER GOODS, PLAS-
TICS & NOVELTY WORKERS'
UNION AFL–CIO, Plaintiffs,

v.

The SINGER COMPANY PIECEWORK
CONTROL SYSTEMS, Defendant.

No. 79 C 2208.

United States District Court,
N. D. Illinois, E. D.

Oct. 26, 1979.

William F. Lennon, Chicago, Ill., for
plaintiffs.

Ronald S. Sheldon, Lederer, Reich, Shel-
don & Connelly, Chicago, Ill., for defendant.

MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

On October 15, 1979, this Court
granted the plaintiff union's motion for
summary judgment to compel arbitration of
a dispute concerning a mid-term wage in-
crease, 478 F.Supp. 441. Defendant Singer
Company now has moved for a stay of this
order pending appeal. Since an order to
compel arbitration is mandatory injunctive
relief, the grant of a stay of such an order
is within the discretion of the Court rather
than a right of the moving party. Fed.R.
Civ.Pro. 62(c). In determining whether to
grant a stay under Rule 62(c), this Court
must consider (1) the likelihood of the mov-
ing party succeeding on the merits of the
appeal; (2) whether the moving party will
suffer irreparable harm if the stay is de-
nied; (3) the harm suffered by the opposing
party if the stay is granted; and (4) the
effect of a stay on the public interest.
*United States v. Articles of Food & Drug*,
441 F.Supp. 772, 774 (E.D.Wis.1977).

Upon a review of these factors, the
Court concludes that the issuance of a stay
would be appropriate in this case. The fact
that this action involves unsettled questions

of federal labor law militates in favor a granting a stay. *See Armstrong v. O'Connell*, 416 F.Supp. 1325, 1330 (E.D.Wis.1976). Moreover, failure of this Court to grant a stay may render the issues in this case moot and thereby preclude appeal. On the other hand, the plaintiff will suffer little appreciable harm if the stay is granted. As both parties indicated in open court, the obligation to arbitrate this dispute would continue to exist even after the expiration of the present collective bargaining agreement. *See also Camden Industries Company v. Carpenters Local Union No. 1688*, 246 F.Supp. 259, 260 (D.N.H.1965). Thus, even if an appellate decision upholding this Court's order of October 15 were not issued until after the present collective bargaining agreement expires, the defendant employer still would be required to arbitrate the wage dispute. Finally, the public interest would not be adversely affected by the issuance of a stay.

Accordingly, this Court grants the defendant's motion to stay the October 15 order, subject to the following terms. The defendant without delay must seek review of this Court's October 15 order. At no time shall the defendant seek any continuance, postponement, or enlargement of time in which to prosecute its appeal or present its arguments. If the Court determines that defendant has failed to comply with these terms, the stay will be vacated and the October 15 order will be given full effect. It is so ordered.