Harold G. NESSLAGE, et al., Plaintiffs,

v.

YORK SECURITIES, INC., et al., Defendants.

No. 83–703C(6).

United States District Court, E.D. Missouri, E.D.

Sept. 24, 1985.

John C. Garavaglia, Raskas, Ruthmeyer, Pomerantz & Wynne, St. Louis, Mo., for plaintiffs.

Arnold J. Weinberg, Rooney, Pace, Inc., New York City, Christopher F. Jones, Coburn, Croft & Putzell, Sherri L. Cranmore, Harry O. Moline, Moline, Tegethoff, Ottsen, Mauze & Leggat, Byron E. Francis, Armstrong, Teasdale, Kramer & Vaughan, St. Louis, Mo., Martin M. Green, Gregory D. Hoffmann, Green, Kanefield & Hoffmann, Clayton, Mo., and Patrick J. Monaghan, Jr., Hackensack, N.J., for defendants.

## ORDER AND MEMORANDUM

GUNN, District Judge.

IT IS HEREBY ORDERED that defendants York Securities, Inc. (York) and Samson's application for a stay pending appeal or for a separate trial is denied.

*Stay pending appeal*

By order dated August 15, 1985, the Court referred to arbitration four counts brought against defendants York and Samson. The Court denied same defendants' request to also refer to arbitration plaintiffs' remaining count against them brought under Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b–5 promulgated thereunder.

■ On September 13, 1985, defendants filed a notice of appeal under 28 U.S.C. § 1292(a)(1) from the Court's denial to compel arbitration of the federal securities law claim. Trial of this claim is set for January 27, 1986. Now under consideration is defendants' motion under Rule 62(c), Fed.R. Civ.P., for a stay of this trial pending appeal. An application under Rule 62(c) goes to the discretion of the district court. A party seeking a stay under this Rule must show (1) that he will likely prevail on the merits of the appeal, (2) that he will suffer irreparable injury if the stay is denied, (3) that other parties will not be substantially harmed by the stay, and (4) that the public interest will be served by granting the stay. *Environmental Defense Fund, Inc. v. Froehlke,* 348 F.Supp. 338, 366 (W.D.Mo. 1972).

This Court denied defendants' request to compel arbitration of plaintiffs' § 10(b) claim based on *Surman v. Merrill, Lynch, Pierce, Fenner & Smith,* 733 F.2d 59 (8th Cir.1984), wherein the Eighth Circuit adhered to the doctrine that claims arising under § 10(b) of the Securities Exchange Act of 1934 are not arbitrable.

■ Defendants' appeal is based on dicta and the concurring opinion of Justice White in *Dean Witter Reynolds, Inc. v. Byrd,* —— U.S. ——, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985), casting doubt on the continued validity of this doctrine. *See id.* 105 S.Ct. at 1240 n. 1 and 1244. The Court agrees with defendants that the question is ripe for review by the Eighth Circuit; however, at this point, the likelihood of defendants' success on the merits of their appeal is purely speculative. Furthermore, the Court discerns no irreparable injury to defendants if the stay is denied. The Court finds little merit in defendants' argument that they will be unable to adequately prepare for the appeal if at the same time they must defend in the action before this Court. Plaintiffs have been waiting over two years for a trial on the merits of their claim, and under the current state of the law they are entitled to be heard in this forum. Defendants' argument that the public interest will be served by granting the stay because an expensive, possibly unnecessary, trial may ultimately be avoided also does not convince the Court that a stay is desirable at this point. Accordingly, defendants' motion for a stay pending appeal is denied.

*Separate trials*

■ Defendants York and Samson move for a separate trial under Rule 42(b), Fed. R.Civ.P., on the basis that the evidence at

trial against the other seven defendants may confuse and prejudice the jury against defendants York and Samson. Granting of separate trials rests in the discretion of the district court, Rule 42(b), Fed.R.Civ.P. This Court concludes that it would be inefficient to sever defendants York and Samson for trial. Although only a federal securities law violation claim remains against them, there is a third co-defendant in this claim who is also a defendant in the other claims involved in this case. At trial the Court will be mindful of the separate claims against the various defendants and will take appropriate protective measures to prevent confusion or prejudice on the part of the jury. Accordingly, defendants York and Samson's motion for a separate trial is denied.