778 P.2d 1272

HOLM DEVELOPMENT AND MANAGE-
MENT, INC., an Arizona corporation;
Arthur Holm, a married man; Schwenn
& Associates, Ltd., an Arizona corpora-
tion, Petitioners,

v.

SUPERIOR COURT OF the State of Ari-
zona, In and For the COUNTY OF
MARICOPA, Honorable Alan S. Kamin,
a judge thereof, Respondent Judge,

STEVENS/LEINWEBER/SULLENS,
INC., an Arizona corporation; E–Elec-
tric Company, an Arizona corporation;
and Blue Circle Atlantic, Inc., an Ari-
zona corporation, Real Parties in Inter-
est.

No. 1 CA–SA 88–195.

Court of Appeals of Arizona,
Division 1, Department C.

June 1, 1989.

Ridenour, Swenson, Cleere & Evans by
John T. Moshier and Beth J. Shapiro, Phoe-
nix, for petitioners.

Shull, Wortman & Watland, P.C. by Rob-
ert A. Shull, Phoenix, for real party in
interest, Blue Circle Atlantic.

Mariscal, Weeks, McIntyre & Friedlan-
der, P.A. by Michael P. West, Phoenix, for

real party in interest, Stevens/Leinweber/Sullens, Inc.

Jennings, Kepner & Haug by Mark E. Barker, Phoenix, for real party in interest, E–Elec. Co.

## OPINION

KLEINSCHMIDT, Judge.

In this special action we address the effect of filing an appeal from an order denying a motion to compel arbitration. We hold that such an appeal divests the trial court of jurisdiction over the case for every purpose except that of entering orders in furtherance of the appeal or of entering orders to perpetuate the testimony of witnesses pursuant to Rule 27(b), Arizona Rules of Civil Procedure.

The petitioners are a developer, a development company, and an architectural firm. The respondent real parties in interest, whom we will refer to as respondents, are a general contractor, an electrical contractor, and a materials supplier. The respondent general contractor commenced an action for breach of contract against the petitioner in the superior court and joined the other respondents as defendants under a lien foreclosure claim. The details of this suit are unimportant except for the fact that the petitioners, purportedly relying upon the provisions of the contract and of A.R.S. section 12–1502, filed a motion to compel arbitration. The trial court denied the motion, and the petitioners appealed to this court in an action titled *Stevens/Leinweber/Sullens, Inc. v. Holm Development & Management, Inc.*, No. 1 CA–CIV 88–548. This appeal, which was filed on September 8, 1988, is still pending. It has not yet been considered by this court, and its merits are irrelevant to the resolution of this special action. After the petitioners filed their appeal, the respondents served them with a notice of deposition and subpoena *duces tecum* seeking the production of the petitioners' bank records. When the petitioners' motion for a protective order was denied, this special action ensued. We accepted jurisdiction, granted relief, and stayed all further proceedings in the trial court pending disposition of the appeal.

The petitioners argue that the perfection of an appeal generally divests the trial court of jurisdiction to enter any orders except those in furtherance of the appeal. *Castillo v. Industrial Comm'n.*, 21 Ariz. App. 465, 467, 520 P.2d 1142, 1144 (1974). They contend that the effect of perfecting an appeal from an order denying a motion to compel arbitration is no exception to this general rule. They point out that the rule's purpose is to prevent the trial court from taking an action that might moot the issue on appeal or alter the rights of the parties in the underlying action in such a way that a just remedy will not be available when the appeal is eventually resolved. *See Whitfield Transp., Inc. v. Brooks*, 81 Ariz. 136, 141, 302 P.2d 526, 529 (1956); *Gotthelf v. Fickett*, 37 Ariz. 413, 416–17, 294 P. 837, 840–41 (1931). In this regard, they assert that they may be deprived of some of the benefits of arbitration if the underlying action is allowed to proceed while the appeal is pending. They note that arbitration avoids the burden and expense of ordinary discovery and trial procedures and that it permits the resolution of complex construction problems by industry experts.

The respondents' counterargument is that A.R.S. section 12–2101.01(B) provides that an appeal from an order denying a motion to compel arbitration "shall be taken in the manner and to the same extent as from orders or judgments in a civil action." They reason that an order denying a motion to compel arbitration is tantamount to an order denying a request for a mandatory injunction. The trial court generally does not lose jurisdiction when an appeal is taken from a denial of a mandatory injunction. *See State ex rel. Corbin v. Tolleson*, 152 Ariz. 376, 379, 732 P.2d 1114, 1117 (App.1986). It follows, the respondents say, that an appeal from a denial of a motion to compel arbitration does not stay proceedings in the trial court. The respondents cite the following three cases in support of this proposition: *Ohio–Sealy Mattress Manufacturing Co. v. Duncan*, 714 F.2d 740 (7th Cir.1983), *cert. denied*, 464 U.S. 1044, 104 S.Ct. 712, 79 L.Ed.2d 176

(1984); *Nesslage v. York Securities, Inc.,* 107 F.R.D. 389 (E.D.Mo.1985); and *Local 344 v. Singer Co. Piecework Control Systems,* 84 F.R.D. 424 (N.D.Ill.1979).

The respondents also observe that the trial court's order was limited to allowing discovery. They maintain that the petitioners should have invoked Rule 62(c), Arizona Rules of Civil Procedure, if they believed that proceeding with discovery jeopardized their rights. Rule 62(c) provides that when an interlocutory appeal is taken from an order granting or denying an injunction, the trial court may "suspend, modify, restore, or grant an injunction during the pendency of the appeal upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party."

The respondents make a further argument based upon practicality. They point out that if discovery is not allowed to proceed pending appeal, witnesses may be denied access to the construction site and evidence may be lost. They also note that the parties will be entitled to engage in discovery even if the petitioners win their appeal and this matter is referred to arbitration. They therefore contend that the petitioners will lose nothing if discovery proceeds while the appeal is pending.

In reply, the petitioners argue that a motion to compel arbitration is not a request for a mandatory injunction. On this basis, they assert that the Rule 62 "injunction exception" to the general rule that an appeal divests the trial court of jurisdiction does not apply in this case. They further argue that *Matterhorn, Inc. v. NCR Corp.,* 763 F.2d 866 (7th Cir.1985), which held that a motion to compel arbitration is not a request for an injunction, undermines two of the cases that the respondents rely upon, *Ohio–Sealy* and *Local 344.* The petitioners do not discuss the practical problems that may ensue if discovery is not allowed to proceed pending the appeal of the order denying the motion to compel arbitration.

It is to some degree true that an order granting or denying a motion to compel arbitration has features in common with an order granting or denying a mandatory injunction. Since damages at law are inadequate for the breach of an agreement to arbitrate, specific performance—an order compelling the parties to arbitrate—is the remedy of choice. D. Dobbs, *Handbook on the Law of Remedies* § 12.27, at 939 (1973). In granting specific performance, the court may order a party to do or not to do something, just as it does when it grants an injunction. For the purposes of determining the trial court's jurisdiction to proceed with litigation while an appeal is pending, however, this similarity between an order granting or denying a motion to refer to arbitration and an injunction is not controlling.

In a breach of contract action, an order concerning arbitration has more in common with orders that direct and supervise the conduct of the case than it does with decisions, orders, and judgments that address the substantive merits of the litigation. Indeed, an order granting or denying arbitration is as fundamental an order governing the conduct of the litigation as a court can make, which accounts for the fact that it is immediately appealable. This was recognized in *Matterhorn.* There, a purchaser brought a contract action to recover for alleged defects in a computerized cash register. 763 F.2d at 869. Relying on a provision in the contract, the seller moved to compel arbitration of the contract dispute and sought to stay the proceedings in the trial court while the arbitration was pending. *Id.* The motion to stay proceedings was made pursuant to a provision of federal law that specifically allowed the trial court to stay proceedings before it pending arbitration. *Id.* at 868. The motion was denied, as was the motion to compel arbitration. *Id.* at 869.

On appeal, it was necessary for the circuit court to determine whether it had jurisdiction to hear an appeal from these orders. *Id.* at 870. One of the grounds urged in support of the court's jurisdiction was that 28 U.S.C. section 1292(a)(1) provided for an immediate appeal from an order granting or denying an injunction, even though the order was not final. *Id.* at

869–70. In concluding that it could not base its jurisdiction on this ground, the court observed:

> Despite its resemblance to a mandatory injunction, an order to arbitrate is assimilated rather to a procedural order.... Hence making or refusing to make such an order is not appealable under section 1292(a)(1).[1]

*Id.* at 870.

The same proposition was recognized in *John Thompson Beacon Windows, Ltd. v. Ferro*, 232 F.2d 366 (D.C.Cir.1956), where the court, in holding that an order denying a motion to compel arbitration was not appealable as an order denying an injunction, said:

> The suit was not for injunctive relief in the traditional sense, nor even for specific performance strictly speaking. It was for a unique statutory remedy.

*Id.* at 369.

The cases on which the respondent relies do not persuade us to the contrary. In *Local 344*, the court considered whether the stay of an order granting or denying a motion for arbitration was discretionary with the trial court. 84 F.R.D. at 424–25. In concluding that this matter was discretionary, the court stated that an order to compel arbitration constituted mandatory injunctive relief. *Id.* at 424. In light of *Matterhorn*, a seventh circuit decision, this observation has presumably lost currency.

*Ohio–Sealy*, which the respondents also cite, is distinguishable. In that case, the court never held that an order granting or denying a motion to arbitrate could be equated with an injunction. The court said:

> Next, we consider whether the denial of Ohio–Sealy's motion to compel arbitration qualifies as an appealable interlocutory order under 28 U.S.C. § 1292(a)(1). Ohio–Sealy combined its final motion to compel arbitration with other requests for injunctive relief. Simply casting a motion to compel arbitration in injunctive terms, however, is insufficient to bring the motion within the scope of section 1292(a)(1). *Gould v. Control Laser Corp.* 650 F.2d 617, 621 n. 7 (5th Cir. 1981). *Moreover, even if the denial of Ohio–Sealy's motion has the same effect as the denial of an injunction,* this fact, without more, does not render the order an appealable interlocutory order. The litigant also must establish that the interlocutory order is likely to have 'serious, perhaps irreparable' consequences which can be 'effectively challenged' only by immediate appeal. *Carson v. American Brands, Inc.,* 450 U.S. 79, 84, 101 S.Ct. 993, 997, 67 L.Ed.2d 59 (1980). (Emphasis added.)

*Ohio–Sealy*, 714 F.2d at 743.

The case that most clearly supports the respondent's position is *Nesslage*. There, the trial court denied the defendant's motion to refer a case to arbitration. 107 F.R.D. at 390. It then denied the defendant's request to stay the trial of the case while the denial of the motion to refer to arbitration was appealed. *Id.* Since the request for a stay was based on Rule 62(c), Federal Rules of Civil Procedure, which governs stays pending the appeal of an order granting or denying an injunction, the court must necessarily have equated the order denying arbitration with an order denying an injunction. *Id.* However, it was the party taking the appeal who apparently selected Rule 62(c) as the vehicle by which to seek a stay. *See id.* The court simply assumed, without discussion, that its order denying arbitration could be equated with an order denying an injunction. *See id.* We do not, therefore, consider *Nesslage* particularly persuasive.

The respondents argue that if the trial court loses jurisdiction of the case pending

---

1. *Matterhorn* also criticized the doctrine of *Enelow v. New York Life Insurance Co.,* 293 U.S. 379, 55 S.Ct. 310, 79 L.Ed. 440 (1935) and *Ettelson v. Metropolitan Life Insurance Co.,* 317 U.S. 188, 63 S.Ct. 163, 87 L.Ed. 176 (1942), under which orders granting or denying stays of "legal" proceedings on "equitable" grounds were considered to be immediately appealable injunctions. 763 F.2d at 870–71. The Supreme Court abandoned the *Enelow–Ettelson* doctrine in *Gulfstream Aerospace Corp. v. Mayacamas Corp.,* 485 U.S. 271, 108 S.Ct. 1133, 99 L.Ed.2d 296 (1988). *Gulfstream* has no implications for the proposition from *Matterhorn* upon which we rely.

appeal so that discovery cannot go forward, evidence may be lost. We think that the answer to this practical problem lies in the application of Rule 27(b), Arizona Rules of Civil Procedure. That rule reads as follows:

> If an appeal has been taken from a judgment of a superior court or before taking an appeal if the time therefor has not expired, the court in which the judgment was rendered may allow the taking of the depositions of witnesses to perpetuate their testimony for use in the event of further proceedings in the court. In such case the party who desires to perpetuate the testimony may make a motion in the court for leave to take the depositions, upon the same notice and service thereof as if the action was pending in the court. The motion shall show the names and addresses of the persons to be examined, the substance of the testimony which he expects to elicit from each and the reasons for perpetuating their testimony. If the court finds that the perpetuation of the testimony is proper to avoid a failure or delay of justice, it may make an order allowing the depositions to be taken and may make orders of the character provided for by rules 34 and 35, and thereupon the depositions may be taken and used in the same manner and under the same conditions as are prescribed in these Rules for depositions taken in actions pending in the superior court.

Neither party referred to this rule in the memoranda supporting and opposing this special action, and our order accepting jurisdiction and granting relief to the petitioner and staying all proceedings in the trial court did not take the rule into account. Rule 54(a), Arizona Rules of Civil Procedure, defines the term "judgment" as including "an order from which an appeal lies." An order denying a motion to compel arbitration is therefore a judgment. Thus, a total ban on the taking of depositions pending the disposition of the appeal may be inappropriate. The petitioners are not compelled to seek a stay of proceedings pursuant to Rule 62(c) while the appeal is pending. The respondents, on the other hand, are not helpless if they can show they need to take depositions to preserve testimony during that time. They may apply to the trial court for permission to do so. In ruling on such a request, the trial court should be mindful of the fact that Rule 27 is not a provision that authorizes general discovery. It is only designed to perpetuate testimony to prevent a failure or delay of justice. *See* 3 H. Kooman, *Federal Civil Practice* § 27.01, at 136–37 (1970).

It is ordered affirming the acceptance of special action jurisdiction and granting the relief that the petitioner requested. The stay of all further proceedings in the trial court is modified to permit the trial court to entertain motions pursuant to Rule 27(b), Arizona Rules of Civil Procedure.

It is ordered awarding the petitioners' request for attorney's fees and costs upon submission of the appropriate statement pursuant to Rule 21, Arizona Rules of Civil Appellate Procedure.

BROOKS, P.J., and CONTRERAS, J., concur.