## In re STRATFORD HOTEL COMPANY, Debtor.

## COMMUNITY FEDERAL SAVINGS AND LOAN ASSOCIATION,
Movant,

v.

## STRATFORD HOTEL COMPANY, Respondent.

**Bankruptcy No. 90–03658–BKC–JJB.**

United States Bankruptcy Court,
E.D. Missouri, E.D.

Oct. 9, 1990.

See also 120 B.R. 515.

John V. LaBarge, Jr., Kirkwood, Mo., trustee.

John G. Young, Carolyn C. Whittington, Clayton, Mo., for movant.

Jerome I. Kaskowitz, Clayton, Mo., for debtor.

## MEMORANDUM

JAMES J. BARTA, Bankruptcy Judge.

The trial of the Movant's request for relief from the automatic stay was conducted on September 19, 1990 and September 21, 1990. At the conclusion of the testimony and argument, the Court announced its determinations and orders from the bench.

This matter is a core proceeding pursuant to Section 157(b)(2)(G) of Title 28 of the United States Code in that it is based upon a motion for relief from the stay.

The voluntary petition for relief under Title 11 of the United States Code was filed in this case on August 1, 1990. The Debtor has admitted that the Petition was filed on the eve of foreclosure by the Movant. At all times since the commencement of this case, the Debtor has remained a Debtor–In–Possession of its business.

The Debtor is an Arizona General Partnership which holds a fee simple interest in approximately 10.11 acres of improved real property on which is situated a 188–room hotel structure located at 800 South Highway Drive, (St. Louis County), Fenton, Missouri. The Debtor operated The Stratford Hotel from this location for approximately eleven years between April, 1979 and March, 1990. The property was vacant at the commencement of this case.

In early January, 1990, representatives of the Movant and representatives of the Debtor entered into discussions concerning the possibility of cancelling the debt for an amount less than the full amount due. Although at some point during these discussions, the Movant may have extended an

oral, conditional agreement to accept payment of the principal balance in full satisfaction of the debt, this oral, conditional agreement was not indefinite in time and was certainly not in existence in March, 1990, when the Movant gave written notice to the Debtor of its intention to not accept a payoff that included an assumption of the loan by an entity described as Lela Rose, Incorporated. Furthermore, the Movant's prosecution of the foreclosure proceedings is supportive of the finding that any such agreement had been withdrawn. Nothing in this record supports the Debtor's contention that an agreement to accept less than the full amount due existed at the commencement of this case.

Therefore, the Debtor's position that the amount owed to this Movant as of the commencement of this case is something less than the full amount of principal, interest and additional charges is not accepted for purposes of this motion for relief from the automatic stay.

The amount owed by the Debtor to this Movant as of September 21, 1990, is $2,369,213.00, consisting of principal in the amount of $2,367,407.00 and interest in the amount of $1,806.00. The value of the property which secures this balance must be determined in the light of this motion for relief from the automatic stay. The Court has concluded that the most realistic and credible estimations of the value of the Debtor's real property were presented by the Movant's expert witness. Therefore, for purposes of this motion, the value of the real property is $2,200,000.00. Similarly, the Court has accepted the value of the personal property presented by the Movant's witness. For purposes of this motion for relief from the stay, the Debtor's personal property is valued at $57,610.00. The Movant's lien claim extends to the proceeds of certain insurance policies on the property. For the purposes of this proceeding, the Court has accepted the Debtor's opinion of the value of these insurance proceeds claims as $208,814.00.

Therefore, the total value of the property which secures the debt owed to this Movant is $2,466,424.00. Considering these cal-culations only, the Debtor enjoys an apparent equity in the amount of $97,217.00. However, this apparent equity may not provide adequate protection of the Movant's interests.

The considerations of value listed above do not include additional expenses such as sales commissions, other costs of sale, or real estate taxes which would substantially reduce the amount of this apparent equity. The record has suggested that the real estate taxes alone would reduce the apparent equity by approximately $74,000.00 per year. Therefore, the Court has concluded that the Debtor enjoys no equity in the value of this real or personal property.

The Debtor has not suggested that it intends to use this property in any way to reorganize under Chapter 11 in the sense that the Debtor's business operations would continue. Therefore, the Court concludes further that this property is not necessary for an effective reorganization.

However, as a Court of equity, the Court must consider other possibilities in an attempt to provide a Debtor with the opportunity to reorganize while attempting to maintain the status quo with respect to the Debtor's creditors. The Court has, therefore, examined the suggestion that a liquidating Chapter 11 Plan may be possible.

On about March 15, 1990, the Debtor entered into a Purchase and Sale Agreement with Linclay, a Missouri General Partnership. The Agreement provides for a purchase price of $2,300,000.00. The Agreement includes a number of conditions precedent and other requirements which must be satisfied before the sale may be closed. At Paragraph No. 9, "... the Closing and Conveyance of title to the property to purchaser (the 'closing') shall take place ... in no event later than September 15, 1990." The evidence at this hearing established that the closing had not occurred as of September 21, 1990. At the hearing on September 21, 1990, the Debtor's witness testified that the parties had recently agreed to extend the deadline to October 5, 1990. The Court has determined that there is not a reasonable possibility that the conditions precedent and other requirements

will be satisfied prior to October 5, 1990. The Court has concluded further that should the Agreement be extended, again, it is very likely that satisfaction of these requirements will delay actual closing for a considerable period of time.

Therefore, neither the value of the Debtor's property nor the combination of value and the recent offer of a cash payment from the Debtor's partner provides adequate protection of the Movant's interests in the circumstances presented here. These circumstances include the inevitable delays and uncertainties associated with the pending purchase agreement.

There is not a reasonable possibility that the Debtor can confirm a plan of reorganization to provide for continued business operations or a liquidating plan of reorganization which will pay the Movant's claim within a reasonable period of time. The Movant's interests are not adequately protected in this case by the value of the collateral, the proposed sale of assets, or any other combination of considerations which may be suggested by this record.

Therefore, by separate Order, the Movant has been granted relief from the automatic stay.