In re **STRATFORD HOTEL COMPANY, Debtor.**

**COMMUNITY FEDERAL SAVINGS AND LOAN ASSOCIATION,**
Movant,

v.

**STRATFORD HOTEL COMPANY, Debtor.**

No. 90–1996C(6).
Bankruptcy No. 90–03658–BKC–JJB.

United States District Court,
E.D. Missouri, E.D.

Nov. 5, 1990.

John C. Young, Carolyn C. Whittington, Ziercher & Hocker, St. Louis, Mo., for Community Federal.

John V. LaBarge, Jr., Kirkwood, Mo., Trustee.

Jerome I. Kaskowitz, Robert G. France, Blumenfeld Kaplan Sandweiss Marx Ponfil & Kaskowitz, St. Louis, Mo., for debtor/appellee.

## MEMORANDUM AND ORDER

GUNN, District Judge.

This matter is before the Court on the motion of the debtor to stay an order of the bankruptcy court, pending appeal. The bankruptcy court's September 24 order is at issue here, in which that court granted the motion of Community Federal to set aside the automatic stay and to proceed with a foreclosure sale scheduled for November 9, 1990. 119 B.R. 695 (E.D.Mo. 1990).

The debtor filed a notice of appeal from that order and moved the bankruptcy court to stay its order pending the appeal. Upon denial of the stay motion, the debtor filed the present motion with this Court.

In the September 24 memorandum and order from which the debtor is appealing, the bankruptcy court found that the value of the debtor's property equals $2,466,-424.00 and that the amount owed by the debtor to the movant totals $2,369,213.00. The court found further, however, that the considerations of value of the debtor's property did not include additional expenses, including approximately $74,000 per year in real estate taxes. Therefore, the court concluded that the debtor enjoys no equity in the value of the real or personal property at issue.

On appeal, the debtor contends that the bankruptcy court erred in valuing its property and other assets and in its conclusion that the assets and property did not adequately protect Community Federal's interests. The debtor also takes issue with the bankruptcy court's conclusion that no reasonable possibility existed that the debtor could confirm a plan of reorganization to pay Community Federal's claim.

In the present motion, the debtor requests this Court, pursuant to Bankruptcy Rule 8005, to issue its own stay to the bankruptcy court's memorandum and order. Rule 8005 provides, in part, as follows:

A motion for a stay of the judgment, order, or decree of a bankruptcy court, for approval of a supersedeas bond, or for other relief pending appeal must ordinarily be made in the first instance in the bankruptcy court.... A motion for such relief, or for modification or termination of relief granted by the bankruptcy court, may be made to the district court or the bankruptcy appellate panel, but the motion shall show why the relief, modification, or termination was not obtained from the bankruptcy court.

A stay pursuant to this rule is discretionary with this Court. Furthermore, where the trial court has already considered and ruled on the request for a stay pending appeal, the "appellate" court's role is limited to determining whether the trial court abused its discretion. *In re Charles E. Rhoten,* 31 B.R. 572 (M.D.Tenn.1983.)

In this particular case, the "trial" court, or bankruptcy court, denied the debtor's initial motion for stay pending appeal, finding that "the debtor enjoys no equity in the property which is collateral for Movant's note." In its motion for a stay in this Court, the debtor does not claim that the bankruptcy court abused its discretion in rendering that conclusion, or in denying its motion for stay. Rather, the debtor claims that the bankruptcy court "erred in the valuing of its property," which is one of the issues on appeal.

Even assuming the debtor claimed an abuse of discretion and this Court were required to review the bankruptcy court's reasons for denying the stay, this Court finds no basis to grant the present motion. When seeking a stay pending appeal, a party must show that: (1) he is likely to prevail on the merits of the appeal; (2) he will suffer irreparable injury if the stay is

denied; (3) the other party will not be substantially harmed by the stay; and (4) the public interest will be served by the granting of the stay. *Nesslage v. York Securities Inc.*, 107 F.R.D. 389 (E.D.Mo.1985).

 In determining whether the bankruptcy court abused its discretion in denying the stay based on its assessment of the application of these four factors to the present case, this Court may review its legal conclusions *de novo*, but its factual conclusions must be upheld unless clearly erroneous. *In re Apex Oil Company*, 884 F.2d 343 (8th Cir.1989). Having reviewed the bankruptcy court's decision in light of the four factors set forth in *Nesslage, supra*, the Court finds that the bankruptcy court did not abuse its discretion and that no basis exists under which this Court should grant the present motion for a stay.

Accordingly,

IT IS HEREBY ORDERED that the motion of the debtor, Stratford Hotel Company, for stay of the bankruptcy court's order pending appeal, is denied.