**In re PRN PHARMACY SYSTEMS, INC.**

**PAS, INC.**

v.

**PRN PHARMACY SYSTEMS, INC., Respondent.**

**Bankruptcy No. 92–41604S.**
**CMS No. 92–1704.**

United States Bankruptcy Court, E.D. Arkansas, Little Rock Division.

Feb. 4, 1993.

---

John Holstine, Little Rock, AR, John Dwyre, San Antonio, TX, for PAS, Inc.

Eugene Fitzhugh, Little Rock, AR, for debtor/respondent.

## ORDER DENYING MOTION FOR STAY PENDING APPEAL

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon the debtor's "Motion for Stay of Proceeding in Bankruptcy Court Pending Resolution of Appeal and Extension of Time to Amend Disclosure Statement" filed on February 2, 1993. The debtor requests two forms of relief in this motion: (1) a stay of the bankruptcy proceedings pending appeal of the contested matter in which the creditor PAS, Inc. sought relief from stay; and (2) an extension of time to file an amended disclosure statement.

■ The Court entered an Order approving the disclosure statement on January 13, 1993. Since there is no date by which the debtor is required to submit an amended disclosure statement, a request for an extension to do so is unnecessary.[1] Accordingly, the request for an extension of time must be denied as failing to present a justiciable issue.

The request for a stay of the proceeding must also be denied because the debtor has failed to present any grounds for which the proceeding should be stayed. A brief history of this case and preceding litigation is as follows. On September 6, 1989, PAS, Inc. filed a complaint against PRN Pharmacy Systems, Inc., its principals, and other individuals, in the U.S. District Court for

---

1. The confirmation hearing is set for February 9, 1993. If the debtor believes that its disclosure statement must be amended, a proper request to continue the confirmation hearing may be appropriate.

the Eastern District of Arkansas. The Complaint sounded in copyright infringement, requesting both monetary and injunctive relief against the defendants. The case was tried to a jury for over one week in April of 1992, after which the jury returned a verdict in favor of the plaintiff, PAS, Inc., finding that PAS, Inc. was the owner of a valid copyright of the subject computer software. The district court entered judgment on June 5, 1992, for damages. The district court also found that the request for permanent injunction was meritorious and would be issued. On June 26, 1992, prior to entry of a judgment for injunctive relief against it, PRN Pharmacy Systems, Inc. filed its Chapter 11 Petition in bankruptcy, precluding further action by the district court. 11 U.S.C. § 362. The debtor, however, continued to file documents with the district court, including a notice of appeal and a requesting that the proceedings be stayed. The request for stay was denied by the district court. The plaintiff, however, was unable to continue litigation due to the automatic stay in bankruptcy.

PAS, Inc., on October 22, 1992, filed a motion for relief from stay in the Bankruptcy Court, requesting that it be permitted to continue the pending district court litigation, which litigation had been concluded but for entry of a judgment for injunctive relief. The debtor responded, asserting that a copyright injunction against it would be unfair, and that it had entered into a settlement agreement with the receiver appointed for PAS, Inc.[2] The Court issued its pretrial Order directing the parties to submit pretrial filings and setting trial for January 13, 1993.

On the eve of trial, a flurry of discovery motions were filed, including a motion by PAS, Inc. to quash a subpoena, filed on January 4, 1993. The motion alleged that on December 30, 1992, the debtor served the employer PAS, Inc. with a subpoena directed to the president of PAS, Inc. The debtor was given an opportunity to respond to the motion, and did so on January 11, 1993. The Court issued its Order quashing the subpoena on January 13, 1993. The matter was called for trial and proceeded on the issue of whether there existed cause for relief from stay. The crux of debtor's defense was stated in its opening line of its opening statement:

Your Honor, we're going to put on testimony simply to the fact that the proceedings has been a conspiracy to limit competition. And—

Transcript of Proceedings 6 (Jan. 13, 1993). Throughout the trial, debtor attempted to introduce evidence regarding the merits of the proceedings in district court. While the Court admitted some of the information as "background material," the Court refused to permit debtor to retry the district court case. At the conclusion of the hearing the Court made lengthy findings and concluded that the pending bankruptcy was nothing more than an attempt to circumvent the district court's valid judgment and gain even more time to unlawfully use PAS, Inc.'s property. Relief from stay was granted.

The debtor appealed two Orders of the Bankruptcy Court, articulating the following issues:

The findings of the Bankruptcy Court that a subpoena for deposition issued to a company to produce it's president when the name of that officer is not known is not the correct procedure is erroneous.[3]

The limiting of issues to defeat Movant's Motion for Relief from Stay was erroneous.

2. The settlement referred to receivership proceedings long pending in the Arkansas Chancery Court. However, since the Chancery Court did not approve the settlement, no binding agreement existed. Further, the receiver indicated that it did not have the authority, under Arkansas law, to enter into the particular settlement the debtor claims existed.

3. Apparently, the debtor conducted no discovery to ascertain the names of persons it may wish to depose. The Court records disclose, however, that the debtor was aware of the name of the president of PAS, Inc. Twelve days prior to serving the subpoena, the debtor filed its witness list, naming Mr. Rex Akers, as president of PAS, Inc., as a witness to be called at trial. Witness and Exhibit Lists at 3 (filed Dec. 18, 1992).

The debtor now seeks a stay of the bankruptcy proceeding pending appeal of the Court's Orders relating to these issues.

■■■ The bankruptcy court has discretion to grant a stay on such terms as are just, pursuant to Rule 8005, Federal Rules of Bankruptcy Procedure. However, the moving party must make a particular showing in order for a stay to be imposed. Specifically, the movant must demonstrate:

(1) he is likely to prevail on the merits of the appeal;

(2) he will suffer irreparable injury if the stay is denied;

(3) the other party will not be substantially harmed by the stay; and

(4) the public interest will be served by the granting of the stay.

*Community Federal Savings and Loan Assoc. v. Stratford Hotel Company (In re Stratford Hotel Company)*, 120 B.R. 515, 516–17 (E.D.Mo.1990) (affirming bankruptcy court's determination that stay pending appeal of order lifting stay was not merited). The factual determinations of the bankruptcy court will be upheld unless they are clearly erroneous. *In re Apex Oil Company*, 884 F.2d 343 (8th Cir.1989).

■ In the instant case, the debtor has failed to even assert grounds for a stay of the proceeding; it neither raises nor addresses any of the four elements to be shown. Debtor's motion states only that, "Federal Rule of Bankruptcy Procedure 8005 authorizes this Court to stay, on such terms and conditions as are proper, this contested matter pending disposition of the appeal." The failure to even address the elements for the relief requested is sufficient reason to deny the motion for stay.

■ Even were the issues addressed, no grounds exist for a stay of the proceeding since there is little likelihood that debtor will prevail on the merits. For example, since the debtor failed to serve the individual it wished to depose with a subpoena, there was no duty on the part of that individual to appear at the deposition. Further, debtor failed to comply with the express requirements of the discovery rules regarding depositions in Part VII of the Federal Rules of Bankruptcy Procedure

such that there was no duty of the corporation to produce an employee to testify. Accordingly, the first issue raised on appeal is without merit such that stay is inappropriate.

Secondly, as to the evidentiary issue, there are no legal or equitable grounds which would permit the debtor to retry a matter which has already been tried before a court of competent jurisdiction. Indeed, law and equity *require* this Court to give effect to the previous proceedings. *See generally Lane v. Peterson*, 899 F.2d 737 (8th Cir.1990) (discussion of res judicata and collateral estoppel principals). It is noteworthy that the district court previously denied a motion by the debtor to stay the district court proceedings. It thus appears that this Court is not the first to find PRN Pharmacy Inc.'s motions for stay to be without merit.

Since the debtor has failed to even address, much less carry, its burden regarding any of the required elements for relief, the motion must be denied. It is

ORDERED that the debtor's Motion for Stay of Proceeding in Bankruptcy Court Pending Resolution of Appeal and Extension of Time to Amend Disclosure Statement, filed on February 2, 1993, is DENIED.

IT IS SO ORDERED.