IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

PHOENICIAN EQUITY INCOME FUNDS, LLC, *Plaintiff/Appellee,*

*v.*

DREAMBRANDS, INC., *Defendant/Appellant.*

No. 1 CA-CV 24-0917

FILED 12-10-2025

Appeal from the Superior Court in Maricopa County
No. CV2024-024285
The Honorable Erik Thorson, Judge

**AFFIRMED**

COUNSEL

Greenberg Traurig, LLP, Phoenix
By Louis D. Lopez
*Counsel for Plaintiff/Appellee*

Quarles & Brady, LLP, Phoenix
By Jimmie W. Pursell, Jr., Jeffrey D. Gardner, and Christopher T. Shanley
*Counsel for Defendant/Appellant*

**OPINION**

Presiding Judge David B. Gass delivered the opinion of the court, in which
Judge Michael J. Brown and Judge Andrew J. Becke joined.

**G A S S**, Judge:

**¶1**          Dreambrands, Inc. appeals the superior court's order allowing Phoenician Equity Income Funds, LLC to engage in limited pre-litigation discovery under Rule 27, Arizona Rules of Civil Procedure. Phoenician's showing and reasoning supports the superior court's order, the order is legally correct and does not deny Dreambrands justice. The court thus affirms.

## FACTUAL AND PROCEDURAL HISTORY

**¶2**          This case arises out of Phoenician's verified petition for Rule 27 prelitigation discovery. At oral argument before the superior court, Dreambrands conceded, "[W]e don't contest this Rule 27 petition based upon factual disputes. Our position here is that even if you take everything in the petition as true, a Rule 27 order is not appropriate in this circumstance." The court thus takes the uncontested allegations in the verified petition as true.

**¶3**          Dreambrands, Inc. is an Arizona health-and-wellness supplement company. As of early 2008, Phoenician invested $783,000 in Dreambrands. In accepting the investment, Dreambrands "promised the return of its capital contribution, plus a return on its investment." As an early investor, Phoenician solicited others to invest in Dreambrands.

**¶4**          In 2024, Dreambrands notified Phoenician of a positive net income and offered to repurchase its shares. Phoenician concluded Dreambrands' proposed repurchase price meant Phoenician would lose its initial investment. And Dreambrands had not returned any of Phoenician's investment, had paid no interest on Phoenician's original $783,000 investment, and had made no distributions to Phoenician.

**¶5**          Based on the offer to repurchase and before filing the verified petition, Phoenician informally asked Dreambrands to provide certain corporate records. Phoenician focused on documents it needed to understand Dreambrands' repurchase price without any return on capital or dividends even after the positive net income. In response, Dreambrands produced some documents, but withheld others. When Dreambands refused to provide more documents, Phoenician filed its Rule 27 verified petition.

**¶6**          In its Rule 27 verified petition, Phoenician said it expected to become a party to various types of actions arising out of its relationship with Dreambrands. Phoenician could pursue or be brought into a derivative action involving Dreambrands and others. Phoenician's verified petition also says it was one of Dreambrands' first investors and solicited

investors so it faces potential actions by shareholders "who likely feel disenfranchised with [Dreambrands] for, among other things, illegally selling securities in the State of Arizona without a securities license." And the verified petition identified the names of the persons or entities who might participate in the actions, including Dreambrands and its current executive team. Though some actions involve Phoenician bringing an action, others involve Phoenician as a defendant, so Phoenician is not in the position to bring them.

¶7        The verified petition said Phoenician expected the above actions to involve a forensic accounting of Dreambrands' "financials, expenditures, money transfers, issued checks, credit cards, bank accounts and other financial materials." For that reason, Phoenician sought disclosure of, among other things, financial statements, minutes from board and shareholder meetings, shareholder agreements, and compensation information. The verified petition said Phoenician sought the discovery to preserve evidence of "corporate malfeasance," "absconding of corporate funds, the destruction of company records, and the facts needed to complete the required demand for the Derivative Claim."

¶8        The form of subpoena attached to the verified petition included 20 categories of items. During oral argument before this court, Dreambrands conceded the documents Phoenician sought in the subpoena are broader than those Phoenician can secure under a statutory request for corporate documents under A.R.S. § 10-1604.

¶9        The verified petition explained Phoencian's need to secure the documents through a Rule 45 subpoena. Phoenician said, "upon information and belief, [Dreambrands] does not have a formal document retention policy to preserve [electronically stored information (ESI)]." The verified petition also alleged Dreambrands "exercises absolute discretionary control over the financial records, bank statements, and other financial data that [Dreambrands] can easily manipulate, revise, amend, and delete." Dreambrands did not dispute those allegations in its opposition to the verified petition.

¶10       Dreambrands filed a short, six-page opposition. The opposition said Phoenician did not need Rule 27 relief because Phoenician could secure its requested discovery under A.R.S. § 10-1604 and could ensure Dreambrands preserved the evidence under Rule 45.2, Arizona Rules of Civil Procedure. Dreambrands also argued Phoenician could bring the actions without Rule 27 discovery.

¶11     The superior court held a hearing on the verified petition. The parties did not ask to have any witnesses sworn. Dreambrands argued Phoenician had other ways to secure relief and Phoenician's allegations were not enough for a Rule 27 relief. Dreambrands did not argue Phoenician's verified petition insufficiently identified the nature of the actions it faced. Instead, Dreambrands argued the verified petition did not say Phoenician had received a demand letter related to litigation or identify any related communications. In response, Phoenician noted Dreambrands' opposition was silent on the issue, but offered a live witness—the person who verified the petition—to answer any questions.

¶12     At the end of the hearing, the superior court found preserving the evidence may prevent a failure or delay of justice and Phoenician cannot bring or defend against the statutory claims, including the securities claims, and comply with Rule 11, Arizona Rules of Civil Procedure, without the requested discovery. Based on the findings, the superior court granted the petition.

¶13     The court has jurisdiction over Dreambrands' timely appeal under Article VI, Section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21.A.1 and 12-2101.A.1.

**DISCUSSION**

¶14     Dreambrands argues the superior court abused its discretion on two grounds. First, Dreambrands argues Phoenician did not show it needed pre-litigation discovery because Dreambrands already preserved, and will continue to preserve, the records Phoenician seeks. Second, Dreambrands argues the verified petition did not show Phoenician "expects to be a party to any action cognizable in any court within the United States but cannot presently bring it or cause it to be brought." Based on that reasoning, Dreambrands argues the superior court "lacked any legitimate basis to grant Rule 27 relief."

¶15     The superior court "has broad discretion in ruling on disclosure and discovery matters, and this court will not disturb that ruling absent an abuse of discretion." *Marquez v. Ortega*, 231 Ariz. 437, 441 ¶ 14 (App. 2013); *see Campion v. City of Tucson*, 256 Ariz. 256, 264 ¶ 21 (App. 2023). The court thus applies an abuse of discretion standard when reviewing the superior court's grant of a petition under Rule 27. *See High Sch. Dist. No. 106, Pima Cnty. v. C.R. Div.*, 121 Ariz. 444, 445 (App. 1979) (applying abuse of discretion standard to Rule 27 ruling).

¶16 To establish an abuse of discretion in a discovery matter, Dreambrands must establish Phoenician made no showing to support the superior court's order or the superior court's reasoning must be plainly untenable, legally incorrect, or amount to a denial of justice. *See Charles I. Friedman, P.C. v. Microsoft Corp.*, 213 Ariz. 344, 350 ¶ 17 (App. 2006). The court will affirm the superior court's decision if it was correct for any reason. *See Glaze v. Marcus*, 151 Ariz. 538, 540 (App. 1986).

## I. Rule 27 allows for prelitigation discovery only "if perpetuating the testimony or preserving the other evidence may prevent a failure or delay of justice."

¶17 Under Arizona's Rule 27, the superior court may grant a verified petition for prelitigation discovery to allow the petitioner "to obtain discovery to preserve evidence." Arizona's Rule 27 extends beyond its federal counterpart, which applies only to preserving testimony. *Compare* Ariz. R. Civ. P. 27(a)(1) (covering prelitigation discovery of testimony and evidence), *with* Fed. R. Civ. P. 27(a)(1) (covering prelitigation discovery of testimony, but not evidence). The parties identified no other state with a similar framework for non-testimonial evidence. And the court is unaware of any.

¶18 Even as expanded, like the federal rule, Rule 27 is not a vehicle for general discovery. *Holm Dev. & Mgmt., Inc. v. Superior Ct. In & For Cnty. of Maricopa*, 161 Ariz. 376, 380 (App. 1989). The court is "mindful of the fact that Rule 27 is not a provision that authorizes general discovery. It is only designed to perpetuate testimony [or to preserve evidence] to prevent a failure or delay of justice." *Id.* (citation omitted). "Neither Rule 26 and the other discovery rules for which it defines the scope of inquiry nor Rule 27 concerning the perpetuation of testimony [or the preservation of evidence] may be used to 'discover a cause of action' and frame an original complaint." *City of Phoenix v. Peterson*, 11 Ariz. App. 136, 141 (1969) (citation omitted).

¶19 For that reason, before the superior court may grant a Rule 27 petition and order discovery, it must be "satisfied that perpetuating the testimony or preserving the other evidence may prevent a failure or delay of justice." Rule 27(b)(3). The petitioner must show the evidence likely will not be available for future proceedings if the superior court does not allow the prelitigation discovery. *Cf. Penn Mut. Life Ins. v. United States*, 68 F.3d 1371, 1375 (D.C. Cir. 1995) (ruling petitioner must show testimony likely will not be available for future proceedings before the district court may allow prelitigation depositions).

**¶20**　　　　The court interprets court rules *de novo*. *Phillips v. O'Neil*, 243 Ariz. 299, 301 ¶ 8 (2017). When interpreting court rules, the court applies statutory construction principles. *Id.* If a court rule is unambiguous, the court relies on the rule's plain language. *Id.* "If a rule is ambiguous the Court may consider its 'subject matter, legislative history, and purpose, as well as the effect of different interpretations, to derive its meaning.'" *Id.* (quoting *Fleming v. State Dep't of Pub. Safety*, 237 Ariz. 414, 417 ¶ 12 (2015)).

**¶21**　　　　Though Arizona has not addressed this issue when the verified petition seeks discovery instead of testimony, the court "may look to federal court interpretations of the Federal Rules of Civil Procedure when they are similar to the Arizona Rules of Civil Procedure." *Cf. Marquette Venture Partners II, L.P. v. Leonesio*, 227 Ariz. 179, 182 n. 6 (App. 2011) (interpreting Rule 50(a) and 50(b), Federal Rules of Civil Procedure).

**¶22**　　　　Arizona's Rule 27 is unique because it applies to both preserving prelitigation testimony and prelitigation discovery. The federal counterpart to Arizona's Rule 27, like most state court rules, limits Rule 27 to preserving prelitigation testimony. Even so, federal cases interpreting Rule 27's role show the petitioner must demonstrate an immediate need for either testimony or discovery under Arizona's Rule 27. *Compare Texaco, Inc. v. Borda*, 383 F.2d 607, 609–10 (3d Cir. 1967) (ruling trial court abused its discretion when it denied a requested deposition because "[i]t would be ignoring the facts of life to say that a 71-year old witness will be available, to give his deposition or testimony, at an undeterminable future date . . ."), *with Lombard's, Inc. v. Prince Mfg., Inc.*, 753 F.2d 974, 976 (11th Cir. 1985) (ruling trial court did not abuse its discretion in denying motion to depose because petitioner made no showing of need to perpetuate testimony). Though the petitioner must show the evidence likely will be unavailable, the petitioner need not prove unavailability with certainty. *See Texaco*, 383 F.2d at 609–10. Crystal balls do not exist to predict the future, but the superior court may not ignore the facts before it. *See id.*

**¶23**　　　　To ensure the superior court has the information it needs under Rule 27, the petitioner must file a verified petition covering these six points:

　　　　(A)　　show that the petitioner expects to be a party to any action cognizable in any court within the United States but cannot presently bring it or cause it to be brought;

　　　　(B)　　identify the subject matter of the expected action and the petitioner's interest;

(C)    show the facts that the petitioner desires to establish by the proposed discovery and the reasons for perpetuating it in advance of the expected action;

(D)    identify the name or a description of each person whom the petitioner expects to be an adverse party and the person's address to the extent known;

(E)    identify the name and address of each person from whom discovery is sought—who may but need not be a person identified as an expected adverse party under Rule 27(a)(1)(D)—and the evidence the petitioner expects to obtain from the discovery; and

(F)    ask for an order: (i) directing the clerk to issue a subpoena under Rule 45 at the petitioner's request to obtain testimony or other evidence from each named person in order to preserve the testimony or other evidence.

Ariz. R. Civ. P. 27(a)(1)(A)–(F).

¶24        As the Factual and Procedural History shows, Phoenician's verified petition covered all six points. The issue is whether the petition made a sufficient showing on the six points. Dreambrands argued Phoenician did not. The superior court found Phoenician did.

II.    **The superior court did not abuse its discretion when it found "preserving the evidence may prevent a failure or delay of justice" even though Dreambrands said it already was preserving the records.**

¶25        Dreambrands argues the superior "court irrationally found that preservation was necessary to prevent the failure or delay of justice because Phoenician Equity made no showing that preservation was necessary." Phoenician points to its verified petition, arguing it more than made the necessary showing. The superior court agreed with Phoenician. The court finds no abuse of discretion.

A.    **Phoenician's verified petition sufficiently showed it required Rule 27 relief to meet its immediate need to preserve the requested discovery.**

¶26        Dreambrands argues the court should not allow Phoenician to use Rule 27 because Phoenician has other available means to preserve the

evidence. Dreambrands says Phoenician could use A.R.S. § 10-1604 to petition the superior court for copies of corporate records and Rule 45.2 to preserve ESI. Though true, Phoenician could use A.R.S. § 10-1604 and Rule 45.2, they do not fully replace the scope of the relief Phoenician requested in its verified petition.

¶27            Phoenician's verified petition explained why Phoenician sought "to obtain discovery to preserve evidence" under Rule 27. Phoenician said it needed the "subpoena to preserve critical financial records, business records, financial records, emails, texts, and other ESI that will forever be lost absent subpoena." Phoenician's petition says Dreambrands has no "formal document retention policy to preserve ESI" and "exercises absolute discretionary control over the financial records, bank statements, and other financial data that [Dreambrands] can easily manipulate, revise, amend, and delete."

¶28            To support its concerns, Phoenician's verified petition explained its efforts to avoid this litigation. Before initiating this matter, Phoenician asked Dreambrands to provide certain corporate records. That request focused on documents establishing Dreambands' repurchase price without any return on capital or dividends even after announcing a positive net income. In response, Dreambrands produced some documents, but withheld others. Dreambrands said it would provide more documents if Phoenician made a showing under A.R.S. § 10-1604. But during oral argument before the court, Dreambrands agreed that even if Phoenician made such a showing, section 10-1604 imposes a narrower production duty. In sum, section 10-1604 is inadequate for Phoenician's requested scope of discovery here. And Rule 45.2 does not allow for prelitigation discovery, so it does not address Phoenician's concern about whether Dreambrands would in fact preserve the evidence.

¶29            As to the immediate need, the superior court has discretion to consider Phoenician's unrefuted statements about Dreambrands' past failure to provide some documents it is required to maintain, its lack of a formal retention policy,[1] and its absolute, discretionary control over its "financial records, bank statements and other financial data." The court thus cannot say the superior court abused its discretion when it found

---

[1] The only rebuttal to these statements comes in the Dreambrands' opening brief, where it says, "Even if the Court accepts as true Phoenician Equity's assertion that Dreambrands has no document retention policy (which is untrue) . . . ." But Dreambrands did not make that argument to the superior court.

Phoenician met its burden. Additionally, the court cannot say the superior court's finding was plainly untenable, was legally incorrect, or amounted to a denial of justice. *See Charles I. Friedman, P.C.*, 213 Ariz. at 350 ¶ 17.

### B.     Phoenician's verified petition sufficiently showed its need for Rule 27 relief to prevent "a failure or delay of justice."

**¶30**      Dreambrands argues Phoenician did not meet its burden because Dreambrands will not destroy or lose the documents. Dreambrands argues it is on notice of the potential litigation and will honor its duty to preserve the evidence. It also says, based on Phoenician's request, it will preserve evidence "reasonably calculated to lead to the discovery of admissible evidence, is reasonably likely to be requested during discovery and/or is the subject of a pending discovery request." *Souza v. Fred Carries Contracts Inc.*, 191 Ariz. 247, 250 (App. 1997) (citation omitted).

**¶31**      In response, Phoenician focuses its argument on the Rule's words, arguing Rule 27 does not require it to show the evidence will be lost or destroyed. It argues it must show the discovery, and preservation will prevent "a failure or delay of justice." Dreambrands argues Phoenician must show the documents might be destroyed. Dreambrands' argument strays from Rule 27's plain words, which contain no such requirement. *See Phillips*, 243 Ariz. at 301 ¶ 8*.*

**¶32**      The superior court thus did not abuse its discretion when it found the verified petition established that Phoenician wants to preserve the documents to ensure they still exist if it needs them for potential derivative and direct securities claims.

### III.    The superior court did not abuse its discretion in finding Phoenician expects to be a party to an action but cannot currently bring or cause it to be brought.

**¶33**      Dreambrands argues Phoenician did not show it expects to be a party to an action that cannot be brought at this time. Dreambrands says Phoenician faces no obstacle to bringing suit because under A.R.S. § 10-742, Phoenician can "make demand on Dreambrands' Board any time it wanted." Dreambrands thus argues Phoenician does not need the documents to address an action that cannot be brought at this time.

**¶34**      Phoenician argues its petition satisfies that requirement. Phoenician's verified petition says Phoenician expects to be a defendant in both derivative proceedings and securities related causes of action.

Phoenician argues it cannot make the demand required under A.R.S. § 10-742 because Dreambrands refuses to produce documents. Phoenician also cannot compel or cause the potential actions against it "to be brought." Phoenician thus argues its Rule 27 subpoena, as approved by the superior court, will prevent a failure or delay of justice by preserving evidence.

**¶35**	The record, including the verified petition, the arguments, and the superior court's ruling show the superior court acted within its discretion when it concluded Phoenician's verified petition satisfied Rule 27(a)(1)(A) and (C). To that point, setting aside Phoenician's potential derivative action against Dreambrands, Dreambrands does not explain how Phoenician can force the potential actions against Phoenician to be brought now. The superior court thus did not abuse its discretion when it granted Phoenician's Rule 27 verified petition.

## ATTORNEY FEES AND COSTS

**¶36**	Dreambrands asks the court to award attorney fees on appeal but does not identify the basis for the award.

**¶37**	When requesting attorney fees on appeal, the party "must specifically state the statute, rule, decisional law, contract, or other authority." Ariz. R. Civ. App. P. 21(a)(2); *see also Mesquite Power, LLC v. Ariz. Dep't of Revenue*, 258 Ariz. 1, 11 ¶ 45 (2024) ("We decline Mesquite's request for attorney fees because Mesquite did not provide any legal authority for an award of fees."). Because Dreambrands identifies no basis for an award, the court denies its request. The court awards Phoenician, as the prevailing party, its costs upon compliance with Rule 21, Arizona Rules of Civil Appellate Procedure.

## CONCLUSION

**¶38**	The court affirms.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:	JR