Roger M. NOREEN, Appellant,

v.

Starr Bridget SLATTENGREN, Appellee.

No. 92–1056.

United States Court of Appeals,
Eighth Circuit.

Submitted June 9, 1992.

Decided Sept. 1, 1992.

Michael C. Black, St. Paul, Minn., argued, for appellant.

Kirk A. Myhra, Coon Rapids, Minn., argued, for appellee.

Before BOWMAN, LOKEN, Circuit Judges, and HUNTER,* Senior District Judge.

BOWMAN, Circuit Judge.

Roger Noreen appeals from the order of the District Court[1] affirming the Bankruptcy Court's[2] denial of Noreen's Chapter 13 bankruptcy plan because it was not filed in good faith. We affirm the District Court.

In December 1989, Starr Slattengren filed a civil suit against Noreen in a Minnesota state court claiming damages stemming from Noreen's sexual assault of Slattengren when she was a child. On October 8, 1990, the state court set the trial date for February 19, 1991. On October 16, 1990, the state court ruled that Noreen was liable to Slattengren for her damages as a matter of law.[3] On February 8, 1991, eleven days before the scheduled start of the trial of the civil suit, Noreen filed a Chapter 13 bankruptcy petition in the Bankruptcy Court pursuant to 11 U.S.C. § 1321 (1988). His original Chapter 13 plan, dated February 5, called for him to make monthly payments of $200 over a three-year period.

Slattengren filed a Chapter 13 Proof of Claim in the Bankruptcy Court on Febru-

---

* The HONORABLE ELMO B. HUNTER, Senior United States District Judge for the Western District of Missouri, sitting by designation.

1. The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.

2. The Honorable Dennis D. O'Brien, United States Bankruptcy Judge for the District of Minnesota.

3. The alleged misconduct of Noreen that served as the basis for Slattengren's civil suit was the same conduct for which Noreen was convicted in state court in 1984 of criminal sexual conduct.

ary 22, 1991, stating that she had an unsecured, unliquidated, contingent claim against Noreen for $500,000. She moved the Bankruptcy Court to lift the automatic stay, imposed pursuant to 11 U.S.C. § 362(a) (1988), against her state court civil action. This motion was granted by the Bankruptcy Court on March 18, 1991. On March 25, Slattengren filed an objection to the confirmation of Noreen's plan, claiming that it should not be confirmed because it was not filed in good faith. On March 30, Noreen filed an amended Chapter 13 plan calling for him to make monthly payments of $500 over a five-year period.

The confirmation hearing was held on April 11, 1991. Noreen asked the Bankruptcy Court to hold an evidentiary hearing on the issue of good faith, but the court took the matter under advisement without holding such a hearing. Following the confirmation hearing, but before the court issued its order, Noreen and Slattengren entered into a stipulation liquidating Slattengren's state court claim. The stipulation permitted entry of judgment in the state court for $100,001. On May 29, 1991, the Bankruptcy Court issued its order denying Noreen's proposed Chapter 13 plan because the court found that the plan was filed in bad faith. The court also dismissed Noreen's Chapter 13 case. On appeal, the District Court affirmed the Bankruptcy Court's decision that Noreen's Chapter 13 plan was filed in bad faith. The District Court also held that the Bankruptcy Court erred in dismissing Noreen's Chapter 13 case sua sponte and remanded the case to the Bankruptcy Court. On appeal, Noreen argues that the District Court erred in holding that the Bankruptcy Court was not required to hold an evidentiary hearing on the good faith issue, and that the District Court erred in affirming the Bankruptcy Court's decision that Noreen's Chapter 13 plan was not filed in good faith.[4]

■ A bankruptcy court shall confirm an otherwise appropriate Chapter 13 plan if "the plan has been proposed in good faith and not by any means forbidden by law."

11 U.S.C. § 1325(a)(3) (1988). This requirement "demands a separate, independent determination.... [T]he proper inquiry should [analyze] whether the plan constitutes an abuse of the provisions, purpose or spirit of Chapter 13. The bankruptcy court must utilize its fact-finding expertise and judge each case on its own facts after considering all the circumstances of the case." *In re Estus*, 695 F.2d 311, 316 (8th Cir.1982). *Estus* included a non-exclusive list of eleven factors that the court may find relevant in making its determination. *See Estus*, 695 F.2d at 317. Most of these factors were "subsum[ed]" by 11 U.S.C. § 1325(b) (1988) (enacted in 1984), which narrowed the focus of a bankruptcy court to "look at factors such as whether the debtor has stated his debts and expenses accurately; whether he has made any fraudulent misrepresentation to mislead the bankruptcy court; or whether he has unfairly manipulated the Bankruptcy Code." *Education Assistance Corp. v. Zellner*, 827 F.2d 1222, 1227 (8th Cir.1987). The totality of the circumstances analysis adopted by *Estus*, however, remains in place. *In re LeMaire*, 898 F.2d 1346, 1349 (8th Cir.1990) (en banc).

Noreen argues that the totality of the circumstances analysis mandated by *Estus* and *LeMaire* requires the Bankruptcy Court to hold an evidentiary hearing on the issue of good faith. We disagree. Nothing in the statutes or case law requires a hearing every time the issue of good faith is raised in a Chapter 13 proceeding. The bankruptcy court, exercising its sound discretion, is in the best position to determine when an evidentiary hearing on the issue of good faith is necessary. We find no abuse of discretion in the Bankruptcy Court's determination that this case did not require such a hearing. Accordingly, we do not disturb the District Court's decision declining to require the Bankruptcy Court to hold an evidentiary hearing.

■ Noreen also challenges the District Court's holding that the Bankruptcy Court's finding that Noreen submitted his

---

**4.** Slattengren does not challenge the District Court's ruling reversing the Bankruptcy Court's

sua sponte order dismissing Noreen's Chapter 13 case.

Chapter 13 plan in bad faith is not clearly erroneous. "[O]ur task here is to review the bankruptcy court's factual findings under the clearly erroneous standard ... in order to determine whether [Noreen] proposed his Chapter 13 plan in good faith." *LeMaire*, 898 F.2d at 1350. After reviewing the record, we cannot say that the Bankruptcy Court clearly erred in finding that Noreen's plan was filed in bad faith. The Bankruptcy Court focused on three factors in finding that Noreen's plan was filed in bad faith: (1) the plan was filed only eleven days before Slattengren's civil suit (claiming damages resulting from Noreen's sexual abuse of Slattengren) was set to go to trial, thereby preventing her from having her case heard; (2) Noreen's Chapter 13 case was filed not because of debts that came due in the ordinary course, but in anticipation of the likely damage award resulting from Slattengren's civil suit; and (3) the initial plan offered only a meager payment plan, which was increased only in response to Slattengren's objection.[5] The Bankruptcy Court's finding of bad faith thus is well supported. *Cf. LeMaire*, 898 F.2d at 1353 ("we believe that there is a particularly strong policy prohibiting the discharge of a debt resulting from a willful and malicious injury following an attempted murder");[6] *Neufeld v. Freeman*, 794 F.2d 149, 153 (4th Cir.1986) (resort to Chapter 13 may indicate an abuse of the bankruptcy laws "especially where a major portion of the claims sought to be discharged arises out of pre-petition ... wrongful conduct and the debtor proposes only minimal repayment of these claims").

The order of the District Court is affirmed.

---

5. The trustee in this case was "incensed" by Noreen's initial plan "because it was obviously proposed without any hints of good faith." Transcript of April 11, 1991, Confirmation Hearing at 5, *reprinted in* Joint Appendix at 41, 45.

6. Noreen argues that sexual abuse of a minor is "not as serious, from a public policy standpoint, as [attempted murder]." Appellant's Brief at 10. We find this argument unpersuasive, and have no difficulty in concluding that the "strong policy" adverted to in *In re LeMaire*, 898 F.2d 1346, 1353 (8th Cir.1990) (en banc), is broad enough to encompass civil liability resulting from the sexual abuse of a minor.