**In re Bonnie Oletha COCKINGS.**

**Bankruptcy No. 94–41000S.**

United States Bankruptcy Court,
E.D. Arkansas,
Little Rock Division.

Aug. 30, 1994.

Stephen Bennett, Sherwood, AR, for debtor.

Richard Kalkbrenner, Little Rock, AR, for Carder Investments, Inc.

### ORDER DENYING MOTION FOR STAY PENDING APPEAL

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon the debtor's Motion for Partial Stay of Order, filed on August 2, 1994, to which the creditor, Carder Investments, Inc. responded. The debtor's reply is also before the Court.

### I.

#### THE NATURE OF THE PROCEEDINGS

On July 26, 1994, the Court heard numerous motions pending in the bankruptcy case[1] after which the Court made oral findings of fact and conclusions of law. The following motions were tried and considered:

(1) A motion to dismiss filed by Carder Investments, Inc., ("Carder") which was denied without prejudice.

(2) A motion for relief from stay filed by Carder which sought to litigate an issue regarding a bond in state court was granted.

(3) A motion for relief from stay filed by Carder, in which Carder sought to continue proceedings with respect to a 1990 Ford Coachman owned by the debtor and her husband, was granted.

(4) The debtor's motion to avoid a judicial lien of Carder was denied.

The Orders regarding the first three motions were entered on August 1, 1994. The Order Denying Motion to Avoid Lien is filed concurrently with this Order and thus, has not yet been entered. On August 8, 1994, the debtor timely filed an appeal of the August 1, 1994, Order, appealing (1) the appropriateness of granting relief from stay with regard to the 1990 Ford Coachman and (2) the finding that the plan was not confirmable and concomitant direction to file an amended plan. On August 12, 1994, the debtor filed her statement of issues on appeal which added as an issue the denial of the motion to avoid judicial lien. Since no Order has been entered on the motion to avoid lien, that is not yet appealable.. The debtor seeks a stay of the Court's Order with respect to the two issues properly on appeal.

### II.

#### THE STANDARDS FOR STAY PENDING APPEAL

The bankruptcy court has discretion to grant a stay on such terms as are just, pursuant to Rule 8005, Federal Rules of Bankruptcy Procedure. However, the moving party must make a particular showing in order for a stay to be imposed. Specifically, the movant must demonstrate:

(1) he is likely to prevail on the merits of the appeal;

(2) he will suffer irreparable injury if the stay is denied;

(3) the other party will not be substantially harmed by the stay; and

(4) the public interest will be served by the granting of the stay.

*Community Federal Savings and Loan Assoc. v. Stratford Hotel Company (In re Stratford Hotel Company)*, 120 B.R. 515, 516–17 (E.D. Mo.1990) (affirming bankruptcy court's determination that stay pending appeal of order lifting stay was not merited). The factual determinations of the bankruptcy court will be upheld unless they are clearly

---

1. An objection to confirmation and a motion for relief from stay, both filed by the creditor General Motors Acceptance Corporation were on the Court's docket for July 26, 1994. Those matters were settled.

Other motions are set for September 13, 1994, including a second motion to dismiss and an objection to confirmation by Carder.

In addition, the debtor is under an Order to attend the first meeting of creditors, scheduled for September 7, 1994. Having missed the first two meetings scheduled, the debtor has been advised that her case will be dismissed if she fails to appear on September 7, 1994.

erroneous. *In re Apex Oil Company*, 884 F.2d 343 (8th Cir.1989).

## III.

### STAY PENDING APPEAL IS NOT MERITED

■ In the instant case, the debtor has failed to even assert grounds for a stay of the proceeding; she neither raises nor addresses any of the four elements to be shown.[2] The failure to even address the elements for the relief requested is sufficient reason to deny the motion for stay, particularly where, as here, counsel has previously filed similarly unsupported motions. *Compare In re Sutherland*, 161 B.R. 657, 660 (Bankr.E.D.Ark. 1993) (Bennett on behalf of debtor), *denial of confirmation aff'd*, No. 94–Civ–745, slip op., (E.D.Ark. May 13, 1994).

### A. The Confirmation and Bad Faith Appeal

■ Even were the issues addressed, no grounds exist for a stay of the proceeding with regard to the confirmation issues since there is no indication that the debtor will be harmed if she is required to submit a new plan. Further, there is little likelihood that debtor will prevail on the merits. An order denying confirmation is not a final order. *Lewis v. United States*, 992 F.2d 767, 772 (8th Cir.1993) ("This court holds that this bankruptcy order, which neither confirms a plan nor dismisses the underlying petition, is not final."). The plan confirmation process is on-going in this Court such that there is no issue to be appealed. Indeed, an objection to confirmation is pending and scheduled for hearing on September 13, 1994.

■ Nor is the finding that the case was filed in bad faith appealable inasmuch as the Court not only denied dismissal, but also granted the debtor an opportunity to amend her plan. Since there was, in effect, no

adverse requirement with respect to the debtor, it is questionable what relief the debtor seeks by appeal. The interlocutory nature of the appeal is highlighted by the fact that there is pending before the Court a motion to dismiss based upon bad faith, scheduled for hearing on September 13, 1994. If the Court determines in that hearing that dismissal is inappropriate, the debtor will be pursuing an appeal on the issue of bad faith where the Court has twice denied dismissal on those grounds. If the Court determines that bad faith exists and dismisses the Chapter 13 case, the debtor could have two appeals pending on the issue of bad faith. This is precisely the situation the *Lewis* decision exemplifies and seeks to avoid. *Lewis* at 773 ("Consideration of any additional plan would involve substantial discretion and cannot be deemed purely ministerial. Moreover, any decisions on alternative plans would likely engender more appeals.").

■ While the district court may, in its discretion, entertain an interlocutory appeal, *Lewis*, 992 F.2d at 771, this Court believes that success on the merits is unlikely due to the nature of the acts yet to be performed before the Bankruptcy Court.

■ Even were an interlocutory appeal granted with regard to the good faith issue, it is unlikely that the debtor will succeed on the merits. The debtor asserts that the Court "erred in finding *sua sponte* that the debtor had filed her petition in bad faith without making such a finding in accordance with *In re Estus*, 695 F.2d 311 (8th Cir.1982) and not providing the debtor with an opportunity for hearing on that issue...."[3] The Eighth Circuit has stated:

Nothing in the statutes or case law requires a hearing every time the issue of good faith is raised in a Chapter 13 proceeding. The bankruptcy court, exercising its sound discretion, is in the best position

---

2. The reply filed by the debtor on August 18, 1994, makes the assertion that Carder is not prejudiced by a stay because it has a judicial lien on the Coachman. As discussed below, *all* creditors would be prejudiced by a stay of the bankruptcy proceedings.

3. While some of the factors discussed in *Estus* are still relevant to good faith analysis, more recent Eighth Circuit case law modified the test, the standard, and applies the current statute. *See, e.g., Noreen v. Slattengren*, 974 F.2d 75 (8th Cir.1992); *In re LeMaire*, 898 F.2d 1346 (8th Cir.1990) (en banc); *Education Assistance Corp. v. Zellner*, 827 F.2d 1222 (8th Cir.1987).

to determine when an evidentiary hearing on the issue of good faith is necessary. *Noreen v. Slattengren*, 974 F.2d 75 (8th Cir. 1992). Thus, Eighth Circuit law does not require an evidentiary hearing on the issue. Moreover, there was noticed for July 26, 1994, the date of the hearing, an objection to confirmation. As noted by *Noreen v. Slattengren*, 974 F.2d at 76, the Court has a duty to make a "separate, independent determination" that " 'the plan has been proposed in good faith and not by any means forbidden by law.' 11 U.S.C. § 1325(a)(3) (1988)."

■ In any event, this Court's finding of bad faith is well-supported by the record. In making a determination of good faith, the Court looks to whether "the plan constitutes an abuse of the provisions, purposes or spirit of Chapter 13." *Noreen*, 974 F.2d at 76. While the totality of the circumstances analysis adopted by *Estus* is applicable, the Court looks to such factors as "whether the debtor has stated his debts and expenses accurately; whether he has made any fraudulent misrepresentation to mislead the bankruptcy court; or whether he has unfairly manipulated the Bankruptcy Code. *Education Assistance Corp. v. Zellner*, 827 F.2d 1222, 1227 (8th Cir.1987)." *Accord In re Eisen*, 14 F.3d 469 (9th Cir.1994); *In re Gier*, 986 F.2d 1326 (10th Cir.1993). *See also In re Love*, 957 F.2d 1350 (7th Cir.1992).

■ In the instant case, the Court found bad faith based upon the incomplete schedules, most noteworthy, the inadequate breakdown of expenses. The debtor filed her skeletal Chapter 13 petition on the eve of the sale of her half-interest in motor home, the property subject of the motion to avoid lien. There is virtually only one unsecured creditor [4] listed in this case, a creditor with whom the debtor and her husband are involved in other litigation. The Court also noted that while the debtor claims a combined monthly net income of $3,625 and only $735 in monthly expenses, she proposes only a payment of $950 per month to the Chapter 13 trustee. This wide disparity between disposable income and the amount to be paid to creditors also indicates bad faith. *See generally, In re Ramji*, 166 B.R. 288 (Bankr.S.D.Tex.1993). It is interesting to note, also that while the debtor nets $1,700 income, the Chapter 7 debtor husband nets nearly $2,000 per month. Presumably, his schedules would also indicate the same amounts for household expenses.

■ As noted in the Court's oral findings, unfair manipulation of the Bankruptcy Code is also evidenced by the debtor's dual bankruptcy scheme committed with her husband. The debtor's husband is also a debtor in bankruptcy, a debtor under Chapter 7 of the Bankruptcy Code. In his case, the husband abandoned all interest in property, including his half-interest in the 1990 Coachman, whereas the debtor wife in Chapter 13 has claimed it as exempt, apparently attempts to exempt her husband's interest, and seeks to retain the vehicle.[5] While the Chapter 7 debtor husband discharges his personal liability with regard to the Coachman, the Chapter 13 debtor wife seeks to retain the vehicle. In this manner, both debtors obtain the benefit of the Chapter 13, retention of the property, while only one debtor is under the obligations imposed by Chapter 13. A joint Chapter 13 case was not initiated; rather, the debtors devised the tangled scheme outlined above. In addition, the debtor chose not to testify in support of her proposed plan. Rather, her husband testified only that he really didn't have an interest in the motor coach although his name is on the title and he is liable on the debt. Finally, since the debtor in this case never testified, there is no evidence why a luxury item such as a motor home is necessary for the effective reorgani-

---

**4.** While the Internal Revenue Service is also an unsecured creditor, it is also a priority creditor under the Code and must be paid in full. Thus, the vast majority of the payments to the Trustee will be payable to the Internal Revenue Service. The plan proposes that Carder will receive only a pro rata share with other general unsecured creditors. In this instance, that is a very small sum after the single secured and single priority claimants, trustees fees, and attorney fees are paid.

**5.** The same situation exists as to other property of the debtors, namely the certificate of deposit which was the subject of the second, disputed motion for relief from stay.

zation. This constitutes unfair manipulation of the Bankruptcy Code.

### B. *Appeal of the Motion for Relief from Stay*

The Order of August 1, 1994, also granted relief from stay with regard to the 1990 Coachman, a recreational vehicle. The debtor seeks stay of the appeal of this issue. It is unlikely that the debtor will prevail on the merits with respect to this appeal inasmuch as she failed in her burden to rebut the creditor's evidence regarding lack of equity. As noted above, in a most unusual strategy with regard to a motion for relief from stay, the debtor chose not to testify. Thus, the record is devoid of any evidence that the recreational vehicle would assist her toward repayment of her creditors in an effective reorganization. The Court is left to surmise that the debtor roams about town in a mobile home. However, the Court cannot conceive that this is truly the debtor's mode of transportation. Inasmuch as the record is devoid of evidence that the debtor needs this large luxury item for an effective reorganization under Chapter 13, it is unlikely that the debtor will prevail upon the merits of her appeal.

### C. *Stay Issues Common to the Arguments on Appeal*

Finally, creditors in this case would be prejudiced by the delay. Until such time as a plan is confirmed, all funds paid to the trustee are held in trust by the trustee. They are not paid to the creditors. The longer the process to confirmation, the greater the harm to the creditors and the increase in adequate protection issues and problems for the creditors, the debtor, and the Court. It is in the best interest of the creditors, as well as the public interest, that this Chapter 13 proceeding progress in the confirmation process. Accordingly, it is

ORDERED that the Motion for Partial Stay of Order, filed on August 8, 1994, is DENIED.

IT IS SO ORDERED.