In the Matter of Paul E. KELLY, Debtor.

Bankruptcy No. BK96–42175.

United States Bankruptcy Court, D. Nebraska.

Dec. 19, 1997.

John D. Rouse, Lincoln, NE, for Debtor.

Richard P. Garden, Cline, Williams, Wright, Johnson & Oldfather, Lincoln, NE, for Capitol Indemnity Corp.

Kathleen A. Laughlin, Omaha, NE, Chapter 13 Trustee.

## MEMORANDUM

JOHN C. MINAHAN, Jr., Bankruptcy Judge.

This case is before the court to consider confirmation of a graduate student's pro-

posed Chapter 13 plan, under which plan payments are funded from the proceeds of anticipated student loans. The objection of Capitol Indemnity Corporation is sustained, and the plan is not confirmed.

## Facts

The debtor is a graduate student at the University of Nebraska, and has been working towards his Ph.D. since 1991. He estimates that it will take 2 more years as a full time student to complete his studies. The debtor works as a clerk at a liquor store approximately 32 hours per week and earns $5.85 per hour. His monthly expenses are $743.00, and his monthly take home pay is $761.00. The debtor borrows money through student loans annually to enable him to pay tuition, fees, books, and other school related expenses. He will continue to obtain annual student loans while he completes work on his Ph.D. degree. The debtor proposes to use funds from student loans to pay $100.00 of the $118.00 monthly payment under the Chapter 13 plan.

Capitol Indemnity Corporation ("Capitol") obtained a judgment against the debtor for misappropriation of funds from a bank insured by Capitol. The United States District Court for the District of Minnesota entered a $30,000 judgment on July 26, 1994, in favor of Capitol against the debtor. The court's order provided that the judgment is not dischargeable in bankruptcy.[1]

Capitol objects to confirmation of the proposed Chapter 13 plan on three grounds:

1. The debtor is not an individual with regular income as required by 11 U.S.C. § 109(e);
2. The plan is not feasible; and
3. The plan was not proposed in good faith.

## Law

■ The Eighth Circuit Court of Appeals provided a non-exclusive list of factors to be considered in determining whether a Chapter 13 plan is filed in good faith. *United States v. Estus*, 695 F.2d 311 (8th Cir.1982).[2] Section 1325(b) of the Bankruptcy Code was added in 1984, which subsumes most of the *Estus* factors, however in determining whether a Chapter 13 plan is filed in good faith, the eighth circuit has stated that the totality of the circumstances analysis adopted in *Estus* remains in place. *See Noreen v. Slattengren*, 974 F.2d 75, 76 (8th Cir.1992).

## Discussion

■ Capitol's assertion that the debtor is not eligible for Chapter 13 relief because he does not receive regular income is without merit. The debtor has regular income from his employment as a clerk. This income is sufficiently stable and regular to enable the debtor to make payments under a Chapter 13 plan. The debtor has regular income and is eligible for relief under Chapter 13.

Capitol's objections regarding feasibility and good faith are addressed together. Capitol essentially asserts that the plan is not feasible because plan payments are funded from student loans. Without the student loans, it will not be feasible for the debtor to make the proposed plan payments. Capitol contends that the debtor should not be allowed to languish in graduate school, remain under-employed, and obtain the benefit of a Chapter 13 discharge. Capitol asserts that the fact the debtor is attempting to discharge

1. Capitol has not asserted that the ruling by the district court prevents the debtor from seeking a discharge under Chapter 13 of the Bankruptcy Code.

2. The factors listed in *Estus* are: (1) the amount of the proposed payments and the amount of the debtor's surplus; (2) the debtor's employment history, ability to earn and the likelihood of future increases in income; (3) the probable or expected duration of the plan; (4) the accuracy of the plan's statements of the debts, expenses and percentage repayment of unsecured debt and whether any inaccuracies are an attempt to mislead the court; (5) the extent of preferential treatment between classes of creditors; (6) the extent to which secured claims are modified; (7) the type of debt sought to be discharged and whether any such debt is nondischargeable in Chapter 7; (8) the existence of special circumstances such as inordinate medical expenses; (9) the frequency with which the debtor has sought relief under the Bankruptcy Reform Act; (10) the motivation and sincerity of the debtor in seeking Chapter 13 relief; and (11) the burden which the plan's administration would place upon the trustee.

a debt that is non-dischargeable under Chapter 7, proposes to make payments primarily from his student loans, and is paying a dividend to unsecured creditors of only 8½% are all factors which demonstrate that the plan has not been proposed in good faith.

 I conclude that the debtor's plan has not been proposed in good faith. Total payments are $7,080.00 under the Chapter 13 plan. After payment of secured and priority claims, unsecured claims will be paid pro rata yielding a dividend of only 8½%. The plan does not provide for the repayment of student loans which may become payable during the life of the plan. The debtor failed to list over $38,500.00 in student loans on his bankruptcy schedules until the Chapter 13 Trustee objected to confirmation of the original plan. Over half of the unsecured debt is owed to Capitol and Capitol asserts that this debt would be excepted from discharge in Chapter 7 under § 523(a)(4). The debtor stated in a deposition that he is currently qualified to teach at the college or university level and could earn about $20,000.00 annually. However, he has elected to work part time as a clerk while he attends graduate school. The debtor proposes to fund his plan primarily with student loans. Without these student loan funds, the debtor's disposable income is only $18.00 per month. From these facts, I conclude that the debtor's plan is not proposed in good faith.

Because the plan has not been proposed in good faith, it should not be confirmed. Although the debtor is arguably utilizing all his disposable income to make payments under the proposed Chapter 13 plan, it is simply not equitable for the debtor to voluntarily remain under-employed, to obtain the benefit of an advanced college degree, and to discharge his obligations to creditors upon payment of a nominal dividend.

IT IS THEREFORE ORDERED, that the objection of Capitol Indemnity Corporation is sustained. The plan is not confirmed. A separate hearing will be scheduled to determine whether this bankruptcy case should be dismissed under section 1307(c)(5), on the grounds that the court has denied confirmation and may determine, at said hearing, to deny the debtor additional opportunity to file another plan or modification of a plan.