# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2465

_____

| | | |
|---|---|---|
| In re: Ronald W. Banks, | * | |
| | * | |
| Debtor, | * | |
| -------------------------- | * | |
| | * | |
| Ronald W. Banks, | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | Bankruptcy Appellate Panel for |
| v. | * | the Eighth Circuit. |
| | * | |
| Sandra Vandiver, | * | [UNPUBLISHED] |
| | * | |
| Appellee, | * | |
| -------------------------- | * | |
| | * | |
| The American Retirees Association, | * | |
| | * | |
| Amicus on Behalf of | * | |
| Appellant. | * | |

_____

Submitted: August 3, 2001

Filed: August 8, 2001

_____

Before HANSEN, FAGG, and BEAM, Circuit Judges.

_____

PER CURIAM.

Ronald W. Banks appeals the bankruptcy appellate panel's affirmance of the bankruptcy court's dismissal of Banks's Chapter 13 petition after the court found Banks had not filed his petition in good faith and refused to confirm his plan. The American Retirees Association has submitted an amicus brief supporting Banks. We affirm.

Banks admitted below he filed bankruptcy only after the state court entered judgment in favor of Sandra Vandiver, and conceded Vandiver was his only creditor. See Noreen v. Slattengren, 974 F.2d 75, 77 (8th Cir. 1992) (debtor's filing of Chapter 13 petition in anticipation of civil damage award against him evidenced his bad faith). Additionally, Banks proposed to pay Vandiver only fifteen percent of her claim, and did not attempt to spread his plan payments over sixty months or otherwise amend his plan to pay more money toward Vandiver's claim. See In re Estus, 695 F.2d 311, 317 (8th Cir. 1982) (facts to be considered in whether Chapter 13 plan has been proposed in bad faith are, inter alia, amount of payment to unsecured creditors and duration of plan). Based on these facts, coupled with the deference this court must give to the bankruptcy court's credibility determinations, we cannot say the bankruptcy court erroneously found Banks had not filed his petition in good faith or abused its discretion by dismissing his petition. See In re Cedar Shore Resort, Inc., 235 F.3d 375, 379 (8th Cir. 2000) (dismissal of bankruptcy petition reviewed for abuse of discretion); In re LeMaire, 898 F.2d 1346, 1349 (8th Cir. 1990) (bankruptcy court's factual findings reviewed for clear error; great deference is given to lower court's factual findings when they are based on assessment of witness credibility).

We thus affirm the decision of the bankruptcy appellate panel. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.