# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

_____

No. 04-6082WM

_____

| | | |
|---|---|---|
| In re: Bock Transportation, Inc., | * | |
| | * | |
| Debtor. | * | |
| | * | |
| Bock Transportation, Inc., | * | |
| | * | Appeal from the United States |
| Debtor - Appellant, | * | Bankruptcy Court for the |
| | * | Western District of Missouri |
| v. | * | |
| | * | |
| George T. Paul; | * | |
| Cross Midwest Tire, Inc., and | * | |
| Oakland Lubrication Co., Inc., | * | |
| | * | |
| Creditors - Appellees. | * | |

_____

Submitted: June 1, 2005
Filed: July 5, 2005

_____

Before KRESSEL, Chief Judge, SCHERMER, and DREHER, Bankruptcy Judges.

_____

KRESSEL, Chief Judge.

George T. Paul filed an involuntary Chapter 7 bankruptcy petition against Bock Transportation, Inc. Bock Transportation appeals the bankruptcy court's[1] order for relief. The principal issue in this appeal is whether the bankruptcy court abused its discretion when it denied Bock Transportation's motion to dismiss the involuntary petition. We conclude that it did not and affirm.

## BACKGROUND

On December 24, 2001 Paul loaned Bock Transportation $100,000.00. At the time of the loan, the principals of Bock Transportation were Steven Bock and Michael Meador, Paul's son-in-law. In return for the loan, Bock Transportation executed a promissary note indicating the full amount would be paid by June 30, 2002. Meador resigned from Bock Transportation in September 2002 and Steven Bock became the sole principal of Bock Transportation. On August 1, 2003 Paul filed suit in Jasper County District Court against Bock Transportation and against Steven Bock and Meador individually for payment on the $100,000.00 note. The Jasper County Circuit Court entered a judgment on August 12, 2003 finding Bock Transportation indebted to Paul for $100,000.00 and finding neither Steven Bock nor Meador personally liable for the debt. The debt remains unpaid.

On September 16, 2003, Paul took Steven Bock's deposition during post judgment discovery. During the deposition Steven Bock positively identified eight creditors. He was unable to identify others, but made vague reference to more. Paul's attorney, Kevin Checkett, asked Steven Bock to notify him by September 30, 2003 if Bock Transportation had more creditors and identify them. Steven Bock agreed. Checkett stated that if he did not hear from Steven Bock, through his

---

[1] The Honorable Jerry W. Venters, Chief Judge, United States Bankruptcy Court for the Western District of Missouri.

attorney, Henry Johnson, he would assume that Bock Transportation had only eight creditors. Johnson did not respond to Checkett by the agreed upon date.

In a letter to Checkett dated August 24, 2004 Steven Bock's new attorney, Dan Nelson, indicated that Bock Transportation had more than twelve creditors, but he did not currently have a list. In an August 25, 2004 letter to Checkett, Nelson indicated that Steven Bock had identified "eight or nine" creditors during the September 16, 2003 deposition, but now has "identified at least 17 current creditors of Bock Transportation, Inc. and he assures me there are many more as well." Neither Steven Bock, nor Bock transportation ever produced the list of additional creditors as promised in the September 16, 2003 deposition.

Paul filed an involuntary Chapter 7 bankruptcy petition against Bock Transportation on August 27, 2004. On September 23, 2004, Bock Transportation filed a motion to dismiss the petition because it was filed in bad faith.

On September 29, 2004, two additional creditors joined in the petition. On October 1, 2004 the bankruptcy court denied Bock Transportation's motion to dismiss the involuntary petition. On December 6, 2004 the bankruptcy court entered an order for relief. Bock Transportation now appeals from that order.

STANDARD OF REVIEW

We review the bankruptcy court's factual findings for clear error and its conclusions of law de novo. *Blackwell v. Lurie (In re Popkin & Stern)*, 223 F.3d 764, 765 (8th Cir. 2000); *Wendover Fin. Servs. v. Hervey (In re Hervey),* 252 B.R. 763, 765 (B.A.P. 8th Cir. 2000). A factual finding is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *U.S. v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *In re Waugh*, 95 F.3d 706, 711 (8th Cir.

1996).  We review the bankruptcy court's finding that Paul did not know Bock Transportation had twelve or more creditors and its finding that the case was not filed in bad faith for clear error.  *Cedar Shore Resort, Inc. v. Mueller (In re Cedar Shore Resort, Inc.)*, 235 F.3d 375, 379 (8th Cir. 2000).

We review the court's decision to deny the motion to dismiss the case for an abuse of discretion.  *Id.*; *Banks v. Vandiver (In re Banks)*, 267 F.3d 875 (8th Cir. 2001).  An abuse of discretion occurs if the bankruptcy court fails to apply the proper legal standard or fails to show proper procedures in making its determination.  *Chamberlain v. Kula (In re Kula)*, 213 B.R. 729, 735 (B.A.P. 8th Cir. 1997).

DISCUSSION

Bock Transportation claims that George T. Paul filed an involuntary petition in bad faith because he had actual knowledge that Bock Transportation had more than twelve creditors or, in the alternative, because Paul filed the involuntary petition for an improper purpose.

The Bankruptcy Code allows an involuntary case to be commenced when three or more entities holding claims against the debtor file a petition under either Chapter 7 or 11.  11 U.S.C. § 303(b)(1).  If the debtor has fewer than twelve creditors, one creditor may file the petition.  11 U.S.C. § 303(b)(2).  Other creditors, who have not filed under 11 U.S.C. § 303(b) may join the petition with the same effect as if it had been a petitioning creditor, as long as the petition was filed in good faith.  11 U.S.C. § 303(c); *Basin Elec. Power Coop v. Midwest Processing Co.*, 769 F.3d 483, 486 (8th Cir. 1985).

**Knowledge of Number of Creditors**

Bock Transportation first claims that Paul filed the involuntary petition in bad faith because he had actual knowledge that it had twelve or more creditors.  The

Bankruptcy Code does not explicitly require that a bankruptcy petition be filed in good faith, but the Eighth Circuit has found that the Code contains an implicit good faith requirement. *Cedar Shore Resort, Inc.,* 235 F.3d at 379. A bad faith filing can also be cause for the dismissal of a petition. *Basin Elec. Power Coop*, 769 F.3d at 486.

Proving an involuntary petition was filed in bad faith requires an inquiry into the creditor's knowledge. Where fewer than three creditors file the petition and the debtor has twelve or more creditors, the threshold question is whether the creditor <u>knew</u> the debtor had twelve or more creditors. *Basin Elec. Power Coop*, 769 F.3d 483 at 486. In *Basin Electric*, the court stated "While an involuntary petition may be cured after filing when a single creditor files in good faith believing the debtor has fewer than twelve creditors, a single creditor may not file an involuntary petition knowing the debtor has twelve or more creditors." *Id.*

In *Basin Electric,* it was not necessary to determine the level of knowledge required because the filing creditor admitted having actual knowledge that the debtor had twelve or more creditors. *Id*, at 485. The same may not be said here. The bankruptcy court had to decide whether Paul knew Bock Transportation had twelve or more creditors.

The question of knowledge is a factual one and reviewed for clear error. In this case there is evidence presented that would support both parties' positions. The bankruptcy court implicitly and necessarily found that Paul did not know Bock Transportation had twelve creditors. In its findings, the court stated "There's been no indication that there are more than twelve judgment creditors." During post judgment discovery, Steven Bock named eight creditors for Bock Transportation but was unable to positively identify more. Johnson, promised Checkett a list of its other creditors if more existed, but never delivered that list. In addition, during the bankruptcy court hearing, Checkett testified that at the time Paul filed the involuntary

-5-

petition he knew of only eight creditors. These facts support a finding that Paul did not know there were twelve or more creditors.

The bankruptcy court found that because Bock Transportation's attorney did not produce the list, it would be a waste of time and resources for Paul to look for more than the eight creditors about which he already knew. The bankruptcy court reasoned that even though Bock Transportation was under no obligation to provide a list of creditors, since it had promised to do so, that promise should have been fulfilled. When the list was not provided, Paul filed a petition based on the information he had available. Therefore it was not bad faith to file an involuntary petition based upon the debtor having fewer than twelve creditors.

Although the bankruptcy court did not make an explicit finding in its oral ruling, it implicitly and necessarily found that Paul did not know Bock Transportation had twelve or more creditors and therefore did not file the petition in bad faith. In light of the conflicting evidence, we cannot say the bankruptcy court was clearly erroneous or abused its discretion when it denied the motion to dismiss the involuntary petition.

**Improper Purpose**

Bock Transportation also claims that Paul filed an involuntary petition against it for an improper purpose. The filing of an involuntary petition for a non-bankruptcy purpose is evidence of bad faith. *Basin Elec. Power Coop,* 769 F.3d at 487. Bock Transportation claims Paul's motivation was to make Steven Bock individually liable for Bock Transportation's debt when the Missouri state court had already found he was not. Filing an involuntary bankruptcy against Bock Transportation has no effect on Steven Bock's individual liability on a debt. What Bock Transportation really argues is that threatening an involuntary petition was intended to get Steven Bock to

personally pay its debt to Paul.   However our inquiry is not into the threat of the filing, but the filing itself.  The actual filing of the petition had no improper purpose.

The bankruptcy court found that the involuntary petition was not filed for an improper purpose and we do not find that conclusion to be clearly erroneous.

## CONCLUSION

We conclude that the bankruptcy court did not abuse its discretion in denying the motion to dismiss, and we affirm the bankruptcy court's order for relief.

———————————————