# United States Court of Appeals

## For the Eighth Circuit

_____

No. 12-3720

_____

In re: Herman Eugene Paulson, doing business as Heartland Organic Foods

*Debtor*

------------------------------

Herman Eugene Paulson

*Appellant*

v.

Dale A. Wein; People's State Bank; Sunflour Railroad, Inc.

*Appellee*s

_____

Appeal from the United States Bankruptcy
Appellate Panel for the Eighth Circuit

_____

Submitted: July 31, 2013
Filed: August 5, 2013
[Unpublished]

_____

Before SMITH, BOWMAN, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Herman Paulson appeals from the judgment of the Bankruptcy Appellate Panel affirming the orders of the Bankruptcy Court[1] dismissing his Chapter 13 bankruptcy petition and denying his motion for reconsideration. We conclude that the Bankruptcy Court did not abuse its discretion in dismissing the petition because Paulson's repeated filing of inadequate plans of reorganization prejudiced his creditors. See 11 U.S.C. § 1307(c)(1) (providing that a court may dismiss a bankruptcy case for "unreasonable delay by the debtor that is prejudicial to creditors"); In re Dempsey, 247 F. App'x 21, 25 (7th Cir. 2007) (unpublished order) ("One . . . well-recognized instance of prejudice [under § 1307(c)(1)] is the debtor's protracted inability to demonstrate the feasibility of a plan."); see also Banks v. Vandiver (In re Banks), 267 F.3d 875, 876 (8th Cir. 2001) (per curiam) (standard of review). Nor did the court abuse its discretion when it denied reconsideration because Paulson did not present new evidence or identify a manifest error of law or fact. See United States v. Gurley, 434 F.3d 1064, 1069 (8th Cir. 2006) (standard of review). To the extent Paulson appeals the court's denial of his motion for declaratory judgment, we again conclude that the court did not abuse its discretion because Paulson failed to show how the question he wanted resolved pertained to his bankruptcy case. See Am. Home Assurance Co. v. Pope, 487 F.3d 590, 602 (8th Cir. 2007) (standard of review).

Accordingly, we affirm. We strike from the appellate record Paulson's "Petition for Writ of Certiorari Before Judgment."

_____

[1]The Honorable Charles L. Nail, Jr., Chief Judge, United States Bankruptcy Court for the District of South Dakota.